Andrew Seurer *vs.* Charles L. Horst.

January 31, 1884.

Justice of Peace—Void Summons.—A summons in justice court, designating the time for the appearance of the defendant at "ten o'clock in the * * * noon," on a day named, is void.

Same—Appeal by Defendant—Jurisdiction.—An appeal by the defendant from a judgment in an action so commenced, upon questions of fact, whereby the defendant seeks a retrial upon the merits in an appellate court, gives to that court jurisdiction over his person which was before wanting.

Evidence—Value of Services—Opinions.—It is error to receive, as proof of the value of services, the opinions of witnesses who have no special knowledge upon the subject.

Same—Wages paid a Fellow-servant.—What another individual, in the same employment as the plaintiff, received as wages, is not proof of the value of plaintiff's services.

Plaintiff brought this action in a justice's court, to recover the value of services alleged to have been performed for defendant. Because of the defect in the summons stated in the opinion, the defendant appeared specially and moved to dismiss, which motion the justice denied. Defendant then answered, and the cause proceeded to trial, judgment being rendered in favor of the plaintiff. From this judgment defendant appealed to the municipal court of St. Paul, and, when the case was called, again appeared specially and moved to dismiss because of the defect in the summons, which motion was denied. The case was tried, and plaintiff again recovered judgment, from which defendant appeals.

*William Porter*, for appellant.

No appearance for respondent.

DICKINSON, J. 1. The statute requires that the summons issued by a justice of the peace "shall be entirely filled up, and have no blank either in date or otherwise, at the time of its delivery to an officer to be executed," and declares that a summons "issued contrary to the provisions of this section shall be void." Gen. St. 1878, c. 65, § 12. The summons in this case, requiring the defendant to appear before the justice "at ten o'clock in the * * * noon," did not comply with this requirement, and was void. The justice should have dismissed the action upon the defendant's motion. But after trial before the justice, the defendant appealed, *upon questions of fact*, to the municipal court. He thereby waived the objection that he was not within the jurisdiction of the court. The effect of such an appeal was to invoke an adjudication by the municipal court upon the merits of the case as presented by the pleadings. The defendant might not thus bring the case into the municipal court for the very purpose of a retrial upon the merits, and then be heard to question the jurisdiction of that court with respect to himself. See *Craighead* v. *Martin*, 25 Minn. 41; *Anderson* v. *Hanson*, 28 Minn. 400.

2. The court erred in receiving as evidence of the value of plaintiff's services the opinions of witnesses who had not, so far as appears, any special knowledge upon the subject; also in receiving, for the same purpose, proof of what wages another employe of the defendant received. For this reason a new trial must be granted.