## KIDDER vs. FAY.

*February 20 — April 8, 1884.*

JUSTICES' COURTS: APPEAL. *(1) Defective affidavit: unsigned jurat: parol evidence. (2) Affidavit essential.*
APPEAL TO S. C. *(3) Reversal of void judgment.*

1. If the jurat upon what purports to be an affidavit of appeal from a justice's court is not signed, the presumption is that the paper was not sworn to, and parol evidence to the contrary is inadmissible. If the oath was in fact taken before an officer who is dead, the defect cannot be remedied.
2. A sufficient affidavit of appeal is essential to the jurisdiction of the appellate court, and must appear of record.
3. An appeal to this court from a void judgment will not be dismissed, but the judgment will be reversed.

APPEAL from the Circuit Court for *St. Croix* County.

The action was brought before a justice of the peace and the plaintiff recovered. The defendant attempted to appeal to the circuit court. The paper purporting to be an affidavit of appeal is in due form and signed by the defendant, but there is no certificate appended to the affidavit that it was sworn to before any officer or person. There is the form of a jurat, but the same is unsigned.

The justice made return to the circuit court, and the plaintiff moved to dismiss the appeal because the record contains no affidavit of appeal. The circuit court allowed the defendant to show by affidavits that he actually made oath to the alleged affidavit of appeal before the justice who rendered the judgment. The plaintiff admitted that such justice was dead. The court thereupon overruled the motion to dismiss the appeal. The cause was tried and the plaintiff again recovered. The defendant now appeals from the judgment recovered against him in the circuit court.

The cause was submitted for the appellant on briefs signed by *Geo. C. Hough* and *S. N. Hawkins*, attorneys, and *Baker*

*& Smith,* of counsel, and for the respondent on the brief of *F. P. Chapman* and *R. H. Start.*

LYON, J. It is urged by counsel for plaintiff, that, because there is no affidavit of appeal, the record fails to show a valid appeal from the judgment of the justice, and hence that the circuit court should have dismissed the same. We are of that opinion. The jurat not being signed, the legal presumption is that the paper in the form of an affidavit of appeal was not sworn to; in other words it is not an affidavit. *Royston's Appeal,* 53 Wis., 612. So the record contains no affidavit of appeal. Such an affidavit is absolutely essential to the jurisdiction of the circuit court, and the same must appear of record. It is not sufficient that the appellant is able to prove by parol that he actually made the required affidavit. No such evidence is admissible. All the decisions of this court relating to the subject are to this effect. *Evangelical L. St. P. Gemeinde v. Koehler,* 59 Wis., 650, and cases there cited. See, also, *Iverslie v. Spaulding,* 32 Wis., 394, in which case the same rule was applied in respect to proceedings on tax sales.

Had the justice been living, the court might properly have allowed him to sign the jurat, if he could truthfully do so, as was done in *Lederer v. C., M. & St. P. R'y Co.,* 38 Wis., 244. Then the record would show a sufficient affidavit of appeal. But the justice having died, it is impossible to supply the omission, and the appeal cannot be saved.

Counsel for plaintiff seem to think that, because the circuit court failed to get jurisdiction of the cause, the appeal to this court should be dismissed, the same being from a void judgment. In *Spaulding v. M., L. S. & W. R'y Co.,* 57 Wis., 304, this court, for the purpose of avoiding an unjust result in respect to costs, was at first disposed to adopt the practice suggested, but on more mature consideration was constrained to adopt a different practice. It is now

settled that an appeal from a void judgment will not be dismissed, but the judgment will be reversed. It is the fault of the statute (R. S., sec. 2949), giving costs to the prevailing party in this court, that the plaintiff must pay the costs of reversal when the error which works the reversal was committed against his protest and objection, at the instance of the other party. We are powerless to protect him.

This judgment must be reversed, and the cause will be remanded with directions to the circuit court to dismiss the appeal from the judgment of the justice.

*By the Court.* — Ordered accordingly.