## PLUNKET *et al.* v. EVANS.

1. Section 6042, Comp. Laws, provides that the civil jurisdiction of justices courts within their respective counties extends "(1) to an action arising on contract for the recovery of money only when the sum claimed does not exceed one hundred dollars." *Held*, that where, in an action commenced August 2, 1888, the sum claimed in the summons and complaint was $86.50, and interest at 7 per cent per annum from December 22, 1883, the "sum claimed" exceeded $100 and the justice, therefore, had no jurisdiction of the case.

2. On the trial of the case by the justice, the attorney for plaintiffs filed a written consent remitting all claims to an amount exceeding $100, and thereupon the justice entered judgment for that amount and costs. *Held*, that remitting the claim above $100 did not cure the defect or give the justice jurisdiction. *Held, further*, that had the sum claimed in the summons and complaint been $100 or less, and the judgment had for any cause exceeded that sum, the plaintiffs could have remitted the excess, and the judgment for the amount within the jurisdiction of the justice would have been good.

3. An appeal was taken from the justice's court to the district court and there tried, and judgment for $86.50 rendered for plaintiffs. *Held*, that

the appeal was no waiver of the jurisdiction of the justice over the subject matter of the action, and that the district court had only the jurisdiction of the justice, and, the justice having no jurisdiction, the district court had none; the original jurisdiction of the district court not being involved or called into exercise.

4. The appeal to this court was from the judgment of the district court, and no bill of exceptions was settled and no motion for a new trial made in the district court. *Held*, that neither a bill of exceptions nor a motion for a new trial was necessary in this case, as the want of jurisdiction of the justice appeared from the judgment roll, which contained the summons and complaint. *Held, further*, that the motion to dismiss the appeal, with the exception to the overruling the same, made in both the justice and district courts, were also a part of the record, being exceptions made a part of the judgment roll by statute.

(Syllabus by the Court. Opinion filed January 15, 1892.)

Appeal from circuit court, Pennington county. Hon. CHAS. M. THOMAS, Judge.

Action in justice court for balance due upon an account for goods sold. Judgment for plaintiff. Defendant appealed to district court, where plaintiff had judgment. Defendant appealed to this court. Reversed.

The facts are stated in the opinion.

*William T. Coad* for appellant.

Justices of peace only have civil jurisdiction where the sum claimed does not exceed one hundred dollars. § 6042 Comp. Laws; Ball v. Biggan, 23 Pac. 565; Wagstaff v. Challiss, 31 Kan. 212; Wilson v. Sparkman, 17 Fla. 871; Calloway v. Byram, 95 Ind. 423; Enderkin v. Spurbeck, 2 Pen. 129. Justices of the peace have only statutory jurisdiction and none will be presumed. 4 Mass. 641; 2 Gray, 120; 3 Gray, 538; 8 Ind. 57; 18 Me. 23; 26 Mo. 601. A justice cannot give himself jurisdiction by giving judgment for a part only of the demand. 17 Ind. 283; The amount claimed determines the jurisdiction. Stone v. Murphy, 2 Ia. 35; Culbertson v. Tomlinson, 1 Morr, 404; Ebe v. Engle, 1 Wash. Ter. 85; Fiddler v. Hall, 2 Met. Ky. 461; Turner v. Holberan, 8 Minn. 451.

*A. E. Wallace* for respondent.

An appellate court will not review any errors on appeal except those appearing on the face of the judgment roll, unless

they have been first brought to the attention of the trial court
by motion for a new trial or other proper proceeding. State v.
Hurlstone, 5 S. W. 38; § 5094, Comp. Laws; Sierra County v.
Dona Ana Co., 21 Pac. 83; Crutts v. Wray, 27 N. W. 634; Wyo.
Loan and Trust Co. v. Halliday Co., 24 Pac. 193; Sutherland v.
Putnam, 24 Pac. 320; Railroad v. Osborn, 21 · Pac. 421;
Kletz v. Perteel, 13 S. W. 955; Brown v. Brown, 2 S. E. 808;
Alexander v. Humber, 6 S. W. 453; Fairfield v. Dawson, 17
Pac. 804; Barker v. Todd, 34 N. W. 895; Golden Terra v. Smith,
2 Dak. 457; Bush v. Railroad, 3 Dak. 449.

Interest does not constitute part of the claim for the pur-
pose of determining jurisdiction. Power v. McCormack, 73 Pac.
427; Jackson v. Whitfield, 51 Miss. 202; Tindell v. Melker, I Scran.
139; Kirk v. Grant, 10 Atl. 230; Brampley v. Finch, 1 S. E. 535.
A plaintiff may remit any amount beyond the jurisdiction of the
justice and have judgment entered for balance. Clark v.
Deume, 3 Denio. 319; Gillett v. Richards, 46 Ia. 652; Putnam v.
Shelop, 12 Johns. 435; Barger v. Cortright, 4 Johns. 414; Bar-
ber v. Rose, 5 Hill, 76; Comp. Laws. § 6107.

CORSON, J. This is an appeal from a judgment of the late
district court of Pennington county, in an action originally
commenced before a justice of the peace. The action was com-
menced August 2, 1888, for a balance due upon an account for
goods sold amounting to $86.50, and the demand for judgment
is as follows: "Wherefore plaintiffs demand judgment for the
sum of eighty-six and 50-100 dollars, together with interest
since December 22, 1883, at 7 per cent per annum, with costs
and attorney's fees as provided by law." The summons cor-
responded with the complaint, in which the defendant was noti-
fied that the plaintiffs "claim to recover of you the sum of
eighty-six dollars and 50-100 for balance due upon account, *
* * and interest on said sum from said December 22, 1883, at
7 per cent per annum;" followed by the usual clause that, if the
defendant failed to appear and answer, the plaintiffs would
take judgment for $86.50, with interests, costs, and attorney's
fees. It will be observed the sum claimed, including interest,
amounts to about $114. _The defendant appeared specially in

the justice court, and moved the said court to dismiss the action on the ground that the amount claimed was in excess of its jurisdiction. The justice denied the motion, and thereupon defendant filed an answer, and a trial was had, resulting in a judgment for plaintiffs. The following stipulation was filed with the justice, and judgment entered: "The testimony in the above entitled action having been duly submitted, and both plaintiffs and defendant having rested the case, and the plaintiffs believing that the testimony introduced would entitle them to a judgment for a sum greater than the amount for which a justice has jurisdiction to enter a judgment, therefore the plaintiffs hereby remit all excesses over and above one hundred dollars and costs, and authorize such judgment to be rendered in full of said amount claimed in said action." Signed by the attorney for plaintiffs. The justice thereupon rendered judgment in favor of the plaintiffs, and against the defendant, for the sum of $100, and for costs and attorney's fees, amounting in all to $115.95. From this judgment of the justice court the defendant appealed to the district court. When the action was called for trial, the defendant renewed the motion made in the justice court to dismiss the action, on the ground that the justice had no jurisdiction, and therefore the district court had none of the action. The motion was overruled, and defendant duly excepted. The action was then tried to a jury, which returned a verdict for $86.50, upon which a judgment was rendered for that sum and costs. Two questions are therefore presented by the record: (1) Was the sum claimed in excess of the justice's jurisdiction? and (2) if so, did the stipulation remitting the excess cure the defect and make the judgment valid?

The question of whether interest is to be included or excluded in determining the meaning of the term "sum claimed," was not, so far as we are advised, passed upon by the late territorial supreme court, and it has not been before the present state supreme court. It is therefore a new question, involving the construction of our statute conferring jurisdiction upon justices of the peace. The organic act which was in force when

this case was tried provides that "the judicial power shall be
vested in a supreme court, district courts, probate courts, and
justices of the peace." Section 26, Organic Act. It also pro-
vides that justices of the peace "shall not have jurisdiction of
any matter in controversy where the debt or sum claimed ex-
ceeds one hundred dollars." Section 50, Id. The legislature,
carrying out the provisions of the organic act, provided by
Section 6042, Comp. Laws, (Justices' Code.) that "the civil
jurisdiction of these courts within their respective counties ex-
tends (1) to an action arising on contract for the recovery of
money only where the sum claimed does not exceed one hun-
dred dollars." And by Section 4825, defining the jurisdiction
of district courts, it is provided that they "shall have exclusive
jurisdiction   *   *   *   when the debt or sum claimed exceeds
one hundred dollars."

It will thus be seen that the jurisdiction of the justice court
is limited to $100 in actions upon contracts for the recovery of
money only, and that exclusive jurisdiction is vested in the dis-
trict courts in that class of actions where the sum claimed ex-
ceeds $100. . The jurisdiction of the justice is determined by the
"sum claimed." When, therefore, a party claims that there is
due him upon a contract a definite sum, and also interest upon
that sum, which, with the principal sum claimed, amounts to a
sum in excess of 100, we think the "sum claimed" exceeds the
jurisdiction of the justice. The interest constitutes a part of the
sum claimed. Take, for example, the case of a promissory
note for $100, with interest at 12 per cent per annum. The in-
terest is as much a part of the contract as the principal, for
without such written contract a party could only recover 7 per
cent per annum; and suppose, further, the interest had run for
five years, would not the amount claimed be $160, where the
party claims his interest as well as his principal? Could it be
said in such a case that the sum claimed does not exceed $100?
He claims by virtue of his contract the $100 principal, and also
by virtue of the contract $60 interest. Does the fact, there-
fore, that the plaintiffs in the case at bar claim $86.50, and in-
terest at 7 per cent per annum from December 22, 1883, which

amounts to about $27.50, make the "sum claimed" only $86.50, or is the sum claimed the principal and interest added, amounting to about $114? We are unable to discover any distinction between the case supposed and the present case. In either case, the sum claimed is that for which the plaintiffs claim judgment, exclusive of their costs. In a recent case in Kansas, (Ball v. Biggam, 23 Pac. Rep. 565,) decided in 1890, this question was very fully considered by the supreme court of that state. The action was brought before a justice of the peace. In the bill of particulars, which was filed on September 24, 1884, they asked for $300, and interest from September 14, 1884. The court in that case says: "The first question that confronts us is whether the justice of the peace had jurisdiction of the subject matter in controversy. Section 2, Chapter 81, Comp. Laws 1885, (Procedure Civil before Justices) provides: 'Under the limitations and restrictions herein provided, justices of the peace shall have original jurisdiction of civil actions—*First*, for the recovery of money only, and to try and determine the same, where the amount claimed does not exceed three hundred dollars.' This section fixes the jurisdiction of the justice upon the amount claimed. In, this action the amount claimed over $300 was but a fraction of a ·dollar, but if we could exceed it 60 cents we might extend it $60. The language of the statute is imperative. It lays down an arbitrary rule. The line is drawn exactly at $300, and the courts have no authority to change or enlarge it." Our attention has been called to the case of Jackson v. Whitfield, 51 Miss. 202, and Hedgecock v. Davis, 64 N. C. 650, in which a different doctrine seems to be held. In the Mississippi case the decision seems to have been made mainly upon the peculiar terms of their constitution, which provides that "the jurisdiction of justices of the peace shall be limited to causes in which the principal of the amount in controversy shall not exceed the sum of one hundred and fifty dollars." It will thus be seen that that court was fully warranted under the clause, "in which the principal of the amount" was to determine the jurisdiction, in holding that the "principal" only controlled, and that interest was therefore

excluded in determining the jurisdiction of the justice. In the North Carolina case much importance was attached to the fact that in a former provision of their statute the amount was limited to $100, exclusive of interest, and that in adopting the new system, doubling the amount, and making it $200, the legislature, in effect, said let it be doubled "enclusive of interest." Neither of these cases, therefore, is analogous to the one before us. But the Kansas case is directly in point, and expresses our views upon this question. We are of the opinion that the justice had no jurisdiction in this case, and the motion of defendant to dismiss the case should have been granted. It is strenuously contended, however, that, assuming that the justice had no jurisdiction to give a judgment for the full sum claimed, it was competent for the plaintiffs to remit the excess and take judgment for a sum within the justice's jurisdiction. But we cannot accede to this proposition. If the "sum claimed" was in excess of his jurisdiction, the justice had no jurisdiction of the case for any purpose. He had no authority to try it, nor authority to render any judgment in the case. Had the amount claimed been within his jurisdiction, and the justice had inadvertently or otherwise rendered a judgment for a sum in excess of his jurisdiction, the plaintiffs could have remitted the excess, and the judgment would have been good.

The case principally relied on by counsel for plaintiffs to sustain their position is Brantley v. Finch (N. C.) 1 S. E. Rep. 535. But the learned counsel must have overlooked the fact that in that case the plaintiff did not claim a sum in excess of the justice's jurisdiction. The court in that case says: "We are of the opinion that the justice of the peace had jurisdiction. It is the sum demanded in the action or contract that determines the question in that respect. * * * The plaintiff did not demand by the summons nor insist on the trial that the intestate of defendant in his lifetime owed him a greater sum than $200, and the justice of the peace had jurisdiction of that sum." In Barber v. Rose, 5 Hill, 76, cited by respondents, the court says: "There is no doubt of the plaintiff's right, when the damages found in his favor exceed the amount claimed in his declaration, to remit the excess

and take judgment for the sum demanded." To the same effect are Clark v. Denure, 3 Denio. 319; Putnam v. Shelop, 12 Johns. 435; Burger v. Kortright, 4 Johns. 414,—cited by counsel for respondent. In Gillett v. Richards, 46 Ia. 652, the court says: "If the amount in controversy, as shown by the pleadings, exceed one hundred dollars, the justice was ousted of jurisdiction, and the rendition of a judgment for a less sum than one hundred dollars would not cure the defect or bring the cause within the jurisdiction of such justice. Much less, therefore, will the correction or modification of the judgment made by the circuit court have the effect to correct the wrong (if any) committed by the justice." We are of the opinion, therefore, that the attempt to cure the defect in the proceedings, by remitting the excess in the demand above $100, did not avail the plaintiffs. A party may, no doubt, reduce a claim to an amount within the jurisdiction of a justice's court by credits or otherwise, provided that it is done before the commencement of his suit and he claims a sum within the court's jurisdiction; but, when he claims a sum in excess of the jurisdiction of the justice court, the court has no authority to proceed. The judgment before the justice, being *coram non judice*, was void. The defendant, therefore, by answering in the justice court, and by appealing in the district court, waived no rights. The filing of an answer in the justice court or an appeal to the district court might be a waiver of jurisdiction as to the person, but not of the jurisdiction of the court over the subject-matter. Ball v. Biggam, (Kan ) 23 Pac. Rep. 565.

Lastly, it is contended by the respondents' counsel that, as there was no motion for a new trial or bill of exceptions, the errors complained of cannot be reviewed by this court. But this contention is not tenable for the reason that the want of jurisdiction in the justice court appears from the summons and complaint, which constitute a part of the judgment roll in the case. The motions to dismiss for want of jurisdiction, made in the justice and district courts, which were overruled, and exceptions taken, also became a part of the judgment roll. See Section 5103, Comp. Laws. The appeal from the judgment brings

up the whole record, not only of the district court, but of the justice court also, including the exceptions that have become a part of the record. The want of jurisdiction, therefore, clearly appears from the record, and no bill of exceptions or motion for a new trial was necessary to present the errors complained of in this court. The jurisdiction of the district court depended entirely upon the jurisdiction of the justice court. If that court had no jurisdiction, then the district court acquired none. The jurisdiction of the district court acquired by virtue of the appeal was simply that of the justice court. The original jurisdiction of the district court is not involved or called into exercise. If, then, the justice court had no jurisdiction, the district court acquired none. Kidder v. Fay, 60 Wis. 218, 18 N. W. Rep. 839; Cooban v. Bryant, 36 Wis. 605; Dillard v. Railroad Co., 58 Mo. 69; Taylor v. Smith, 64 Ill. 445; Ball v. Biggam, (Kan.) 23 Pac. Rep. 565. The judgment of the district (now circuit) court is reversed, and the court below is directed to dismiss the action. All the judges concurring.