### NELSON v. LADD et al.

1. The objection that the court has not jurisdiction of the action is not waived by a failure to demur to the complaint, upon that ground, in the court below, and may be taken at any time, either in the trial court or in this court on appeal.

2. This court will take judicial notice of the organization, jurisdiction and judges of the inferior courts within its jurisdiction, established under general laws, and will take judicial notice that the jurisdiction of the county court of Moody county is limited to actions in which the debt, damage, claim or value of the property involved does not exceed $500.

3. When, in an action commenced in the county court of Moody county, the plaintiff claimed damages in the sum of $500, and interest thereon for a period of nearly one year, the amount claimed exceeds $500, and that court has no jurisdiction of the action.

(Syllabus by the Court.   Opinion filed April 4, 1893.)

Appeal from Moody county court.

Action by Oliver Nelson against Joseph Ladd and another

for breach of a farm lease. A demurrer to the complaint was overruled, and the defendants appeal. Action dismissed on the ground that the county court had no jurisdiction of the action.

*E. L. Powers*, for appellant.

A complaint which does not state a cause of action by its averments, without refe: ence to exhibits, is bad upon demurrer. Aultman v. Siglinger, 2 S. D. 442. When the contract sued on is valid, a *quantum meruit* will not lie, when the compensation for the services has been fixed by the contract. 2 Smith on Damages, pp 480 and 499; Chamberlain v. Parker, 45 N. Y. 569; Lande v. Seymour, 24 Wend. 60; Cohen v. Stein, 11 N. W. 514; 7 Lawson's R. R. and Pr. 5739; Bond v. Corbett, 2 .Minn. 248; Mascatte v. Beaupre, 15 Minn. 152; Mackuleen v. Clarkson, 5 Minn. 247; Burlingame v. Burlingame, 7 Cow. 92; Laringdale v. Swingston, 10 Johns. 36; Clark v. Smith, 14 Johns. 326; Id. v. Id, 18 Id. 456. The complaint must allege that some one or more of the stipulations made by the defendants and contained in the written contract had been broken by them and how. 4 Am. and Eng. Enc. Law, 522; Brown v. Stebbins, 4 Hill 154; Gould v. Allan, 1 Wend. 182; English v. Horner, 3 N. J. Law 382; Wilson v. Mone, 9 N. W. 1; Young v. Gay, 6 Southern 608; Griffin v. Culver, 16 N. Y. 489; Freat v. Hiles, 50 N. W. 897; Cohen v. Norton, 5 Lawg. R. Am. 572. When request is necessary it must be alleged. Wait's Law and Pr. 312; 1 Estes' Pl. and Forms 190; Ramsey v. Waltham, 1 Mo. 395; Ferner v. Williams, 37 Barb. 9.

The county court in which this action was brought having jurisdiction only up to $500, and the action being for $500 and interest, the court had no jurisdiction. Gates v. Weinegar, 6 N. W. 116; Van Geisen v. Van Haughton, 5 N. J. L. 823; Butler v. Wagner, 35 Wis. 54; Simpson v. McMillan, 1 S. Car. 192; St. Armond v. Gerry, 2 S. Car. 487.

*Brennan & Gay*, for respondent.

An exhibit attached to a complaint and therein referred to

becomes a part of the complaint, if the essential facts contained in the exhibit are stated in the complaint. 2 Wait's Pr. 378; Adams v. Mayor, 4 Duer. 295; Fairbank v. Bloomfield, 2 Duer. 349. If a good cause of action can be gathered from the complaint, a demurrer will not be sustained. Kelley v. Peterson, 2 N. W. 346; Moretz v. Splitz, 13 N. W. 555; Roe v. Lincoln, 13 N. W. 887; Griffiths v. Henderson, 49 Cal. 56.

A complaint stating facts entitling plaintiff to relief, is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Township v. Bennett, 10 Ohio St. 441; Aylworth v. Seymore, 44 N. W. 1030; Marriott v. Clise, 21 Pac. 909; Grain v. Aldrich, 38 Cal. 514; Poett v. Stearns, 28 Cal. 226; McCarthy v. Black, 10 Cal. 461; Barber v. Cozalie, 30 Cal. 92; Pallerson v. Ely, 19 Cal. 28.

One who by his own fault has prevented performance by the other party, cannot claim exemption from liability. Smith v. Roe, 7 Cal. 95; Simatt v. Mullen, 82 Pa. St. 333; Orr v. Reno 6 Pac. 72; Slacey v. Graham, 14 N. Y. 492; Bruce v. Telson, 25 Id. 194; Howard v. Daley, 61 Id. 262; Taylor v. Bradley, 39 Id. 129; Burtin v. Thompson, 42 Id, 246.

Interest upon a claim sued upon does not constitute a part of the claim so far as limiting jurisdiction of the court. Soloman v. Reese, 34 Cal. 33; Maxfield v. Johnson, 30 Cal. 547; Wratten v. Wilson, 22 Cal. 468; Braulley v. Finch, 1 S. E. 535. It is a good practice to file a remittitur before trial of the amount of the excess above the limit of the jurisdiction of the court Wagner v. Nagle, 23 N. W. 309.

CORSON, J. This is an appeal from an order overruling a demurrer to the complaint, made by the county court of Moody county. The action was brought to recover damages for an alleged breach of a farm lease by the defendants, and the demand for judgment is as follows: ''Wherefore the plaintiff demands judgment against the defendants in the sum of five hundred dollars, with interest at 7 per cent per annum from October 1, 1890, besides his costs and disbursements herein.'' The

action was commenced in the fall of 1891. A demurrer was interposed to the complaint, one of the grounds of which is that the complaint does not state facts sufficient to constitute a cause of action. The appellant in this court makes the further objection that the county court of Moody county had no jurisdiction of the action, for the reason that the amount claimed is in excess of $500, which is the limit of the jurisdiction of that court, said county containing less than 10,000 population.

As the question of jurisdiction of the court should first be determined, we shall proceed to examine it. The objection that the court has not jurisdiction of the case is not waived by a failure to demur upon that ground in the court below. Section 4913, Comp. Laws. The objection that the court had no jurisdiction of the action may be taken at any time, and in any court. 12 Amer. & Eng. Enc. Law, p. 306; Coleman's Appeal, 75 Pa. St. 441; Doctor v. Hartman, 74 Ind. 221; Mathie v. McIntosh, 40 Wis. 120; Thomson v. Steamboat, 2 Ohio St. 26; Riley v. Lowell, 117 Mass. 76.

By Section 20, Art. 5, of the constitution of this state, it is provided that "the county courts shall be courts of record, and shall have original jurisdiction in all matters of probate, guardianship, and settlement of estates of deceased persons, and such other civil and criminal jurisdiction as may be conferred by law," and Section 34 of the same article provides "that the legislature may classify the county courts according to the population of the respective counties, and fix the jurisdiction and salary of the judges thereof accordingly." In pursuance of the powers so conferred by the constitution, the legislature of 1890 adopted a law—being Chapter 78 of the Session Laws of that year—fixing the jurisdiction of the county courts as to the "other civil and criminal jurisdiction" not fixed by the constitution. By Section 6 of said chapter, it is provided that they (county courts) shall have concurrent jurisdiction with the circuit courts, the amount thereof being limited, according to to the population of the counties, as follows: "'*

\* \* and in all other counties, when the debt, damage, claim, or value of the property involved shall not exceed five hundred dollars." These courts are therefore courts of limited and special jurisdiction as to "such other civil and criminal jurisdiction as may be conferred by law." The jurisdiction of such courts being limited to a specified sum, it can only exercise jurisdiction for any purpose when the debt, damage, or claim is within the amount specified. Appellate courts take judicial notice of the organization, jurisdiction, and judges of the inferior courts. 12 Amer. & Eng. Enc. Law, p. 182; 1 Whart. Ev. § 324; Kilpatrick v. Com., 31 Pa. St. 198; *Ex parte* Peterson, 33 Ala. 74; Meshke v. Van Doron, 16 Wis. 319. Such being the rule, this court will take judicial notice that Moody county belongs to the class of counties in which the jurisdiction of the county court is limited to $500, and that, when the debt, damages, claim, or value of property involved exceeds that sum, it has no jurisdiction of the case for any purpose.

But, as has been before stated, the demand made in the complaint in this action is for $500, and interest thereon from October 1, 1890; and as the action was commenced in the fall of 1891, the amount claimed exceeds the amount to which the jurisdiction of that court is limited. Hence the county court was without jurisdiction over the subject-matter. The question thus presented was so fully considered and discussed in the case of Plunkett v. Evans, 50 N. W. Rep. 561, (decided by this court,) that a further discussion of the law applicable to such cases does not seem to us necessary. It is contended by the respondent in this case, as it was contended in that case, that the plaintiff can remit the excess above $500 claimed. But remitting the excess would not restore the jurisdiction to the county court. As we said in Plunkett v. Evans, if the amount claimed is within the jurisdiction of the court, and by some inadvertence the court or jury should find for the plaintiff a greater sum, the excess could be remitted, as the court would

still have jurisdiction of the cause.    But when the amount sued for, damages and interest, is in excess of the amount over which the court has jurisdiction, the court is without power to act in the premises.    It can make no order therein except to dismiss the action.    As was said in Ball v. Biggam, 23 Pac. Rep. 565, by the supreme court of Kansas, the language of the statute is imperative.    It lays down an arbitrary rule.    The line is drawn at exactly $500, and the courts have no authority to change or enlarge it.    If the county court of Moody county could take jurisdiction when the amount claimed is in excess of $500, what limitation would there be upon the jurisdiction of the court?    We are of the opinion, therefore, that the objection to the jurisdiction of the county court was well taken.    Taking this view of the case, it becomes unnecessary to consider the sufficiency of the complaint, and we therefore express no opinion in regard to it.    It appearing from the complaint that the county court of Moody county had no jurisdiction of the action, the judgment of that court is reversed, and the court is directed to dismiss the action.    All the judges concurring.