### WARDER, BUSHNELL & GLESSNER CO. v. RAYMOND.

1. When a strict compliance with all jurisdictional statutory requirements relating to taking and perfecting an appeal to the circuit court from a judgment rendered by a justice of the peace affirmatively appears from the record, the mere fact that the certified copy of the justice's docket transmitted to the circuit court fails to show the receipt of a notice of appeal and filing of an undertaking is not sufficient to divest the circuit court of jurisdiction to hear and determine the case on appeal.

2. A justice of the peace is without jurisdiction to hear and determine an action arising on contract for the recovery of money only, where the amount claimed in the summons exceeds $100.

3. As the amount so claimed, and not the amount recoverable, determines the jurisdiction of a justice of the peace, the question is unaffected by the fact that the collection of a portion of the money claimed in the summons, and stipulated for in the contract upon which suit is brought, cannot be enforced under the statute.

(Syllabus by the Court.   Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action upon promissory notes.

Judgment for defendant, and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Matthews and Murphy*, for appellant.

Attorneys fees are costs, being an incident of the judgment and are no part of the amount claimed.   Miner v. Crum, 48 Ia.

52; Spierbeeger v. Thomas, 13 N. W. 745; Watson v. Ward, 6 N. W. 407; 12 Am. & Eng. Ency. Law, 426. With a statute prohibiting a clause in notes or contracts, providing for attorney fees, is illegal and void. Security v. Dyer, 34 N. W. 838; Redfield v. Stocker, 59 N. W. 270. The jurisdiction of the appellate court depends upon the service and filing of a proper notice of appeal and bond and these facts must appear affirmatively from the record. Bank v. City, 52 N. W. 333; Plummer v. Bank, 33 Id. 150; State v. Regus, 32 Id. 7; Phillips v. Follett, 28 Id. 425; Mundel v. Freedman, 52 N. W. 33. The objection that the court had no jurisdiction of the action may be taken at any time and in any court. Nelson v. Ladd, 54 N. W. 809, 4 S. D. 1; 12 Am. & Eng. Ency. Law, 306.

*Cheever & Hall*, for respondent.

A provision in a note for attorneys fees is a part of the contract contained in the note. Pluckett v. Evans, 50 N. W. 961, 2 S. D. 434; Garretson v. Purdy, 3 Dak. 178; Farmer's v. Rasmussen, 46 N. W. 574. When the notice of appeal is duly served and the undertaking duly filed the appeal is perfected. Edminister v. Rathburn, 52 N. W. 263.

FULLER, J. This appeal is from a judgment of the circuit court in an action upon contract, commenced before a justice of the peace by the service of a summons wherein the defendant is apprised that plaintiff's cause of action is upon two promissory notes which according to their terms amount to $80.75, and is notified that if he fail to appear and answer as required, "plaintiff will take judgment against you for the sum of eighty and seventy-five one-hundredths dollars, with costs of this action and an attorney's fee of twenty-five dollars, stipulated and agreed upon in said notes." In justice court the defendant appeared specially and moved to dismiss the action, on the ground that the amount claimed was in excess of the jurisdiction of a justice of the peace. This motion being denied, judgment was rendered upon the evidence offered by plaintiff, for $93.33, against defendant, in plain-

tiff's favor.   Upon an appeal by defendant to the circuit court on questions of law alone, the judgment was reversed, and plaintiff prosecutes an appeal to this court.

It is urged by appellant's counsel that the circuit court was without jurisdiction to reverse the judgment rendered in justice court, because the transcript filed by the justice fails to show that a notice of appeal was served and filed.   It is stated in respondent's additional abstract, and is clearly shown by the transcript, filed by appellant, that within five days after judgment was rendered in justice court an appeal was taken by defendant to the circuit court, by the service of a notice of appeal upon plaintiff's attorneys, and by entering into an undertaking as required by law, both of which were duly filed with the justice of the peace.   Defendant's counsel appear, from the record, to have strictly observed the requirements of the statute in perfecting their appeal to the circuit court, and although the transcript made by the justice fails to show that notice of appeal was served and filed, the transcript and record in this court, to which we are directed by the amended abstract, conclusively shows that everything necessary to confer jurisdiction upon the circuit court was done strictly in compliance with the statute, and the mere failure of the justice to make a formal entry in his docket would not render an appeal ineffectual.

Under Section 6053, Comp. Laws, the summons in justice court must contain:  "1.  *  *  *  2.  A sufficient statement of the cause of action, in general terms, to apprise the defendant of the nature of the claim against him.  3.  *  *  *  4.  In an action arising on contract for the recovery of money or damages only, a notice that unless the defendant so appears and answers, plaintiff will take judgment for the sum claimed by him, stating it."  The sum of money claimed as the amount which defendant stipulated in his contract to pay, exclusive of costs and disbursements, and for which it is stated in the summons plaintiff would take judgment, is $100.75, and therefore in excess of the jurisdiction of a justice of the peace.  Comp. Laws, § 6042.

Although the attorney's fee specified and fixed by statute may be taxed as costs, an agreement to pay a fixed amount as attorney's fees, contained in a promissory note, becomes a part of the contract; and when such stipulated amount is claimed in a summons, and, together with principal and interest, according to the terms of the instrument upon which suit is brought, exceeds $100, a justice of the peace is without jurisdiction of the subject matter. As the amount claimed, and not the amount recoverable, determines the jurisdiction of a justice of the peace, the question is unaffected by the fact that a stipulation to pay the attorney fees claimed in the summons is not enforceable because void under the statute. The invalidity of such an agreement could be judicially determined only by a court having jurisdiction of the person of the defendant and the subject-matter of the action. As the precise question here has been twice fully discussed and determined by this court, no further attention to the facts or to the law applicable thereto is required. Ruled by the cases of Plunket v. Evans, 2 S. D. 434, 50 N. W. 961, and Nelson v. Ladd, 4 S. D. 1, 54 N. W. 809, the judgment of the trial court is affirmed.