MANN, Respondent, v. HVAMMEN, Appellant.

(144 N. W. 130.)

1. **Justices of the Peace—Summons—Sufficiency—Jurisdiction.**
   A summons, which did not show the subject of the action or that the relief sought was within jurisdiction of a justice's court, was not sufficient to give that court jurisdiction.

2. **Justices of the Peace—Appeal—Defective Summons—Effect.**
   Under Justices' Code, Sec. 101, providing for an appeal from justice's judgment where appellant seeks a new trial, the trial in circuit court is de novo, and a review of proceedings in justice's court cannot be had therein.

3. **Justices of the Peace—Appeal For New Trial—Jurisdiction of Circuit Court—Estoppel.**

Defendant, by appealing to circuit court under Justices' Code, Sec. 101, providing for an appeal for a trial de novo, is thereby estopped from afterwards questioning jurisdiction of circuit court over his person or the subject-matter, on ground that the justice had no jurisdiction because the summons did not show the subject of action, or that the justice had jurisdiction of the relief sought. POLLEY, J., dissenting.

4. **Justices of the Peace—Appeal For Review—Jurisdiction of Circuit Court.**

Where an appeal is taken from justice's court, under Sec. 100, J. C., merely for a review therein of questions of law or fact, or of law and fact, the original jurisdiction of circuit court is not called into exercise, and its jurisdiction to grant such review is limited to the jurisdiction of the justice's court upon the record presented, and the circuit court can only affirm or reverse the justice's decision.

(Opinion filed December 5, 1913.)

Appeal from Circuit Court, Spink County. Hon ALVA E. TAYLOR, Judge.

Action by George A. Mann against L. K. Hvammen. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Corrigan & Darling,* for Appellant.

The summons was not sufficient to give the justice jurisdiction. Secs. 13 and 19, Justices' Code; Leonosio v. Bartilino, 7 S. D. 93; Henry v. Maher, (N. D.) 71 N. W. 127.

On appeal to the circuit court no general appearance was made, as the defendant, before answering and defending upon the merits, raised the jurisdictional question and entered his exception to the ruling of the court. Benedict v. Johnson, 4 S. D. 387, 57 N. W. 56; Minor v. Francis, (N. D.) 58 N. W. 343, 344; Miller v. Lewis, 17 S. D. 448, 97 N. W. 364.

The court erred in overruling defendant's motion for dismissal of the case.

*Roy T. Bull,* for Respondent.

The court may acquire jurisdiction even though no summons had been issued. Ramsdell v. Duxberry, 17 S. D. 311, 96 N. W. 132; Lyon v. Miller, (N. D.) 48 N. W. 514.

Upon appeals from justices of peace, cases are tried de novo upon their merits, and all errors, irregularities, and illegalities are to be disregarded. Clow v. Murphy, (Ia.)

3 N. W. 723; Jerome v. Rust, 19 S. D. 263, 103 N. W. 26; Kelsey v. C. & N. W. Ry. Co., 1 S. D. 80, 45 N. W. 204.

When they asked for the trial de novo, this being in the nature of affirmative relief, the circuit court was granted jurisdiction. Lower v. Wilson, (S. D.) 68 N. W. 545; Rogers v. Penobscot Mining Co., (S. D.) 132 N. W. 792-795, and cases cited therein.

WHITING, P. J. [1] This action was started in the justice court. The summons issued and served was wholly insufficient to give such court jurisdiction over the person of the defendant, for the reason that such summons failed to reveal the subject of the action and to disclose that the relief sought was one within the jurisdiction of a justice court. The defendant appeared specially in the justice court and moved such court to quash the summons and dismiss the action, basing such motion on the defects in such summons. The motion was denied; defendant elected to stand upon his motion; and judgment was entered in favor of the plaintiff.

[2] Defendant then appealed the cause to the circuit court, taking such appeal under section 101, J. C. Section 100, J. C., provides the method of appealing where the appellant seeks a "review" of the cause on questions of either law or fact or upon questions of both law and fact. Section 101, J. C., provides for the taking of an appeal where the appellant seeks a new trial in the action. Under section 101, J. C., no review of the proceedings in justice court can be had; the trial in the circuit court being one entirely de novo. After thus appealing to the circuit court and demanding therein a new trial, the defendant, when the cause was called for trial in such circuit court, renewed the motion he had made in the justice court. This motion was overruled and defendant excepted to such ruling. The defendant then answered, and participated in the trial had, which trial resulted in a verdict and judgment for plaintiff. Defendant moved for a new trial, which motion was denied; and from such judgment and order denying a new trial defendant has appealed to this court.

[3] The sole question for our determination is whether or not the defendant by appealing to the circuit court, and, by such appeal, demanding a new trial therein—thus invoking the original jurisdiction of such court which was a court of general original

jurisdiction—conferred upon such court jurisdiction over his person regardless of the fact that the justice court had no jurisdiction either over the person of the defendant or the subject of the action.

By affirming the rulings of the circuit court we shall reach a different conclusion than that reached by this court in Plunket v. Evans, 2 S. D. 434, 50 N. W. 961, though upon a record showing identically the same situation, as a reading of the opinion in Plunket v. Evans discloses that it was an action wherein the relief demanded—the subject of the action—was not within the jurisdiction of the justice of the peace; that, upon the appeal to the district court, there was no review sought of the rulings of the justice upon questions of either law or fact or upon questions of law and fact; that, as in the case at bar, the appellant, under the provisions of section 101, J. C., demanded "a new trial in the appellate court." In the Plunket Case, the court said: "The jurisdiction of the district court depended entirely upon the jurisdiction of the justice court. * * * The jurisdiction of the district court acquired by virtue of the appeal was simply that of the justice court. The original jurisdiction of the district court is not involved or called into exercise." Of the decisions cited in the Plunket Case, but one, that of Ball v. Biggam, 43 Kan. 327, 23 Pac. 565, contains any discussion of the question now before us, or gives any reason for the proposition therein announced. The language used in Ball v. Biggam is strikingly similar to that in the Plunket Case: "The jurisdiction of the district court is exclusively and wholly appellate. Its original jurisdiction is not invoked at all."

[4] It will be thus seen that the premise upon which the decision in the Plunket and Ball Cases were based was that, upon the appeals from the justice courts, the original jurisdiction of the appellate courts was not invoked. If, in the Plunket Case, the party appealing to the circuit court had merely sought therein a review of questions of law or fact, or of law and fact—in other words, if he had invoked solely the appellate jurisdiction of the circuit court—then the premise announced by, and the conclusion thereon rendered by, this court in that case would have been correct; and if it is a fact that, upon an appeal under section 101, supra, the original jurisdiction of the circuit court is not in-

voked, and the jurisdiction invoked is one "exclusively and wholly appellate," then the conclusion reached in the Plunket Case was correct when applied to the facts in that case and we should reverse the judgment now before us; as certainly a court, when simply called upon to review the action of an inferior court and not to exercise any of its original jurisdiction, is limited, in the subject of its jurisdiction, by that possessed, in that particular case, by the court whose rulings it is reviewing, and it can only affirm or reverse the decision of the inferior court. But is it true that, when one appeals from the justice court and, instead of seeking a review of the rulings of the justice upon questions of either law or fact, demands a new trial in the circuit court, he does not invoke the original jurisdiction of the circuit court? He most certainly does invoke such original jurisdiction. This distinction between the purely appellate and the original jurisdictions of the circuit court was undoubtedly not clearly called to the attention of this court in the Plunket Case. The question now before us was virtually decided in Bank of Worthington v. Sanderson, 24 S. D. 443, 123 N. W. 873, as it was only upon the theory that the original jurisdiction of the circuit court had been invoked that the decision in that case, or in any of the numerous cases cited therein, rested.

This question is most exhaustively treated in the case of In re Burnette, 73 Kan. 609, 85 Pac. 575, cited in the Sanderson Case. It will be noted that this is a much later decision than that of Ball v. Biggam, decided by the same court and cited in Plunket v. Evans. In the Burnette Case the court said: "The jurisdiction to consider and decide causes de novo is in its essence original. The manner in which a case reaches the higher court is not the test. Jurisdiction being the power to hear and determine, the nature of the functions to be exercised controls, whether they are brought into activity by primary process or by removal from an inferior tribunal. Upon a trial de novo the power of an appellate court in dealing with the pleadings and the evidence, in the application of the law, and in the rendition of judgment according to the right of the case, all independent of the action of the lower court, is no different from what it would be if the case were begun there originally, and hence is not appellate within the meaning of laws creating jurisdiction." This distinction between

the invoking of appellate jurisdiction and the invoking of original jurisdiction is drawn in the following cases: St. Louis County v. Sparks, 11 Mo. 201; Lacy v. Williams, 27 Mo. 281; Ex parte Henderson, 6 Fla. 279; and State ex rel. v. Baker, 19 Fla. 19. In the Lacy Case the court said: "We do not consider that the bestowal of a mere appellate power would authorize the courts to try causes de novo." In the Henderson Case the court, in speaking of a statute giving the right of a trial de novo in the higher court, said: "We do not concur in the opinion that the case of an appeal from a justice of the peace is a case of appellate jurisdiction, in the sense in which this term is used in the Constitution conferring it on this court. The fact is, it is of a mixed character, having but one ingredient of appellate power, in that it has its origin in the inferior court, whilst in all other respects it is and from the commencement, as well by the Legislature as the courts, has been treated and regarded as if originally instituted in the circuit court, with the single exception that written pleadings are not required. The case is directed to be tried anew in the circuit court, and is to be continued after judgment, until final execution. This undoubtedly is the exercise of original jurisdiction. Here is no revision and correction of error of law merely, no remitting of the case below for further trial."

In the Baker Case it appears that, at that time, under the Constitution of the state of Florida, a justice had jurisdiction, as in this state, up to the $100 limit, but that instead of the circuit court having concurrent original jurisdiction, the original jurisdiction of the circuit court was from $100 up. The Constitution provided that the circuit court should have final appellate jurisdiction in all civil cases arising in a court of justice of the peace in which the amount or value of the property involved was $25 or upwards. There had been enacted a statute regulating proceedings in justice courts and providing that upon appeal, the records should be transmitted to the circuit court "and thereupon the said appellate court shall proceed to hear the said cause and may allow such amendments therein as may be just and render such judgment as may be conformable to law and the justice of the case. The trial shall be by jury if demanded by either party." Thereafter there was enacted a statute providing, "All appeals taken from a judgment of any justice of the peace shall be tried de novo." The

question before the court in this case was whether or not the circuit court could try a cause de novo, or, in other words, whether the last statute referred to was constitutional, and it was held that inasmuch as the Constituion of such state gave to the circuit court appellate jurisdiction only in those cases wherein the justice had jurisdiction, that therefore, under the guise of an appeal, there could not be brought into the circuit court, for the purpose of a new trial, a cause which could not have been originally instituted in the circuit court—that a trial de novo was not in any sense an appeal—the court saying: "In many of the states where the jurisdiction of the courts is not so sharply defined, it is provided that a new trial may be had in the circuit court by appeal from judgments of inferior courts. It was so in this state under the former Constitution, which gave circuit courts original jurisdiction of matters without regard to the amount involved, and, having such original jurisdiction, it could try de novo causes brought before it by means of the statutory appeals from justice's courts in the same manner as causes commenced by summons. But as the present Constitution forbids the circuit courts to take original jurisdiction of matters at law involving less than $100 in value or amount, the Legislature cannot confer such jurisdiction by indirect means." We think in the above-quoted words the court hit upon the exact point before us when it said "it could try de novo causes brought before it by means of the statutory appeals from justice's courts in the same manner as causes commenced by summons." When the statutes of this state have given to a party, if dissatisfied with the results of the action as tried in a justice court, the right, either to seek a review of the trial already had, or if he elects, the right to go into the circuit ocurt and have a trial exactly as such trial would have been held in such court if the jurisdiction of such court had been invoked by the usual process of the issuance and service of a summons, if such a party elects to seek a new trial, he should be held, by so doing, to have invoked the original jurisdiction of such circuit court, and should thereafter, for that reason, be forever estopped from questioning the jurisdiction of such court either over his person or over the subject of the action.

We would cite in further support of our views the case of Seurer v. Horst, 31 Minn. 479, 18 N. W. 283, and Lyons v.

Miller, 2 N. D. 2, 48 N. W. 514. The following words used by
the court in the latter case are very pertinent to the case at bar:
"The defendant himself invoked the jurisdiction of a new tribunal,
not for the purpose of correcting an erroneous ruling on the ques-
tion of jurisdiction, but to have the issues litigated upon the merits.
He demanded a new trial in his notice of appeal, and under the
statute such demand is an appeal to the district court to hear and
determine the cause on the merits. Section 6131, Comp. Laws."
The statute referred to is the identical statute under which the
appeal was taken in the action now before us.

The judgment and order appealed from are affirmed.

POLLEY, J. (dissenting). I am not able to concur in the
majority opinion in this case. The question involved on this appeal
in no manner relates to the merits of the controversy, but is purely
a question of practice; and, so far as this case is concerned, it is
a matter of little consequence what conclusion is reached. The
real question at stake is the stability of the decisions of this court.
In Plunket v. Evans, 2 S. D. 434, 50 N. W. 961, the appeal was
upon questions of both law and fact, and a new trial demanded in
the appellate court, just as in this case, and the court announced
the rule that: "The jurisdiction of the district (circuit) court
depended entirely upon the jurisdiction of the justice court. * * *
The jurisdiction of the district (circuit) court acquired by virtue
of the appeal was simply that of the justice court." This rule has
been in force and has been used as a guide by the profession and
the courts of this state for nearly 25 years, and I can see no
justification for supplanting it with a different rule at this time.
I have examined the cases cited in the majority opinion; but, with
the exception of Seurer v. Horst, 31 Minn. 479, 18 N. W. 283,
and Lyons v. Miller, 2 N. D. 2, 48 N. W. 514, I can find no sup-
port in any of them for the position taken in the opinion of the
court in this case. Both of these cases had been published prior
to the consideration of the Plunket Case and, presumably, were
considered by this court when the Plunket Case was under con-
sideration. But at that time the rule therein announced was de-
liberately rejected and the rule above quoted adopted by this court.
Neither do I think the discussion of the original jurisdiction of the
circuit court at all relevant to the question involved on this ap-
peal. The statute provides the manner of invoking the original

jurisdiction of that court; but it nowhere includes any matter brought before it on appeal from a justice court, and to hold that the trial de novo in the circuit court of a case on appeal from a justice court is the exercise of original jurisdiction, merely because the circuit court has original jurisdicion of the subject-matter of the action, is to hold that the exercise of all jurisdiction by the circuit court over any matter on appeal from a justice court is the exercise of original jurisdiction because the circuit court has concurrent original jurisdiction over all matters of which a justice court has jurisdiction.

The judgment appealed from ought to be reversed and the action dismissed.