EGAN, Respondent, v. ROUNDS et al, Appellants.

(216 N. W. 878.)

(File No. 5260. Opinion filed December 20, 1927.)

*Parliman & Parliman,* of Sioux Falls, for Appellants.
*Michael G. Luddy,* of Sioux Falls, for Respondent.

POLLEY, J. This is an appeal from the municipal court of Sioux Falls. In her complaint plaintiff claimed that defendants

were indebted to her in the sum of $400, and in her prayer asked judgment for $400, with interest and costs. During the course of the trial, plaintiff, over the objection of defendant, was permitted to amend her complaint by adding $100 to the amount claimed, and amended her prayer by substituting the words "five hundred dollars" for "four hundred dollars." The prayer as amended asked judgment for $500, with interest and costs. This took place on the 13th day of July. At the close of all the testimony plaintiff moved for a directed verdict upon the ground that the testimony on behalf of plaintiff shows that, as a matter of law, she was entitled to judgment as prayed for in the amended complaint. Defendant also moved for a directed verdict upon the ground, among others, that the amount claimed in the amended complaint exceeded the jurisdiction of the municipal court, and that the court was without jurisdiction to do anything but dismiss the action. Thereupon the court discharged the jury and took the case under advisement, giving the plaintiff ten days in which to submit a brief and the defendant an additional ten days in which to file a reply brief.

In the meantime the defendant made a formal motion to dismiss the action on the ground that the amount claimed by plaintiff in her amended complaint exceeded the jurisdiction of the court. Plaintiff resisted this motion, and, in support of such resistance, her counsel made and filed an affidavit in which he states that, when he amended his complaint, it was his intention to ask for $500, and that the claim for interest was to have been waived, and that he believed that the court so understood the amendment. There is nothing in the amended complaint to indicate an intention to waive the claim for interest or from which the court could infer any such intention, and this court has no right to infer that the pleader intended anything other than just what he said in his pleading. Defendant's motion to dismiss was denied, and, on the 3d day of August, plaintiff, over the objection of defendant, was again permitted to amend her complaint, and reduced her claim to $300 and interest.

It is the contention of defendant that, when plaintiff amended her complaint, and claimed an amount in excess of $500, exclusive of costs, she ousted the court of jurisdiction, and that thereafter the court was without jurisdiction to do anything but dismiss the action.

. This matter has been before this court on several occasions. The question came up first in Plunket v. Evans, 2 S. D. 434, 50 N. W. 961. The action originated before a justice of the peace. The plaintiff demanded $86.50, with interest and costs. The principal sum and the interest amounted to more than $100. The defendant challenged the jurisdiction of the court, and the plaintiff remitted the excess. The justice entered judgment for $100 and costs. The defendant appealed to the district court, where he renewed his motion to dismiss, on the ground that, the justice being without jurisdiction, the district court was also without jurisdiction. This motion was overruled, and judgment entered for plaintiff. Defendant appealed to this court. The law then, as now, limited the civil jurisdiction of justices of the peace to actions where the "sum claimed does not exceed $100.00." This court, in a lengthy opinion by Judge Corson, held that the "sum claimed is that for which the plaintiffs claim judgment, exclusive of their costs"; the court saying:

"That the attempt to cure the defect in the proceedings, by remitting the excess in the demand above $100.00, did not avail the plaintiffs. A party may, no doubt, reduce a claim to an amount within the jurisdiction of a justice's court by credits or otherwise, provided that it is done before the commencement of his suit and he claims a sum within the court's jurisdiction; but, when he claims a sum in excess of the jurisdiction of the justice court, the court has no authority to proceed. The judgment before the justice, being coram non judice, was void. The defendant, therefore, by answering in the justice court, and by appealing in the district court, waived no rights. The filing of an answer in the justice court or an appeal to the district court might be a waiver of jurisdiction as to the person, but not of the jurisdiction of the court over the subject-matter."

In Warder et al v. Raymond, 7 S. D. 451, 64 N. W. 525, the plaintiff demanded judgment for $80.75 claimed to be due on two promissory notes and an attorney's fee of $25. This court held that the amount claimed exceeded $100, and that the judgment of $93.33 entered by the justice was void. It is the amount claimed, and not the amount recoverable, that determines the jurisdiction of the justice of the peace. Nelson v. Ladd, 4 S. D. 1, 54 N. W. 809, originated in the county court of Moody county. The demand

of the plaintiff was for $500, with interest and costs. The civil jurisdiction of the county court of that county extended to actions where the amount claimed did not exceed $500. The question of jurisdiction was not raised in the county court, but for the first time on appeal in this court. It was held that the question could be raised at any time and in any court. It was contended by the plaintiff that he could remit the excess over $500, but it was held that the remitting of the excess would not confer jurisdiction upon the county court.

Section 2122, Code 1919, limits the civil jurisdiction of the municipal court to actions "arising on contract for the recovery of money only when the amount claimed shall not exceed five hundred dollars. * * * Costs shall not be considered part of the amount determining the jurisdiction of the court."

When the plaintiff so amended her complaint as to demand $500, with interest thereon and costs, she was claiming an amount in excess of the jurisdiction of the court. By this amendment she ousted the court of jurisdiction of the subject-matter. The court was without jurisdiction to try the case or do anything else but dismiss it. The fact that the action as originally commenced was within the jurisdiction of the court is in no way material. If the pleadings in a case in a justice court or municipal court may be so amended after an action is commenced as to claim an amount in excess of the jurisdiction of such court, then there would be no limitation so far as the amount involved is concerned upon the jurisdiction of such courts.

The judgment appealed from is reversed. The case is remanded to the municipal court of Sioux Falls, with directions to enter an order dismissing the same.

CAMPBELL, P. J., and BURCH, SHERWOOD, and BROWN, JJ., concur.