KARR, Respondent, v. CHICAGO & NORTH-WESTERN RY. CO., Appellant.

**Appeal — Notice — Sufficiency — Jurisdiction.**

By § 89, Justices' Code, as amended, Laws 1881, chap. 4, § 1, p. 5, with reference to the contents of a notice of appeal, it is provided, it "must state whether the appeal is taken from the whole or a part of the judgment; and if from a part, what part, and whether the appeal is taken on

questions of law or fact, or both." Section 91, as amended, Laws 1879, chap. 31, § 2, p. 100, provides that, "when a party appeals to the district court on questions of fact, or on questions of both law and fact, and demands in his notice of appeal a new trial in the district court, no statement (on appeal) need be made, but the action must be tried anew in that court." *Held,* that where the appeal was upon questions of both law and fact, there need be no demand for a new trial in the notice in order to give the district court jurisdiction to determine the questions apparent of record, and passed upon by the justice.

(Argued and determined at the May Term, 1887.)

APPEAL from the district court, Hughes county; Hon. SEWARD SMITH, Judge.

This is an appeal from an order dismissing an appeal from a justice of the peace on the ground of the insufficiency of the notice. The notice was as follows:

"Territory of Dakota, In Justice Court, County of Hughes, Before Jas. I. Houtz, J. P.

| | |
|---|---|
| SAMUEL KARR, *Plaintiff,*<br>*vs.*<br>CHICAGO & NORTH-WESTERN RAILWAY COMPANY, *Defendant.* | *Notice of Appeal from Judgment of Justice of the Peace.* |

"Please take notice that the defendant and appellant in the above-entitled action, appeals from the judgment entered therein on the 5th day of August, 1884, in favor of the plaintiff and against the defendant for sixty-one dollars and fifteen cents, to the district court in and for Hughes county upon the questions of both law and fact therein. Yours, etc.,

"WILLIAM T. LOVE, *Attorney for Defendant.*

"To L. E. GAFFY and JOHN WHITE, *Attorneys for Plaintiff,* and JAMES I. HOUTZ, Esq., *Justice of the Peace of the County of Hughes.*"

The original action in the justices' court against the company was for killing stock, and the complaint not showing that there had been an appraisement of the stock, under sections 680, 681, C. C. Pro., the defendant demurred to it on the ground that it did not state facts sufficient to constitute a cause of action. The

demurrer was overruled by the justice, and a judgment having thereafter been rendered against the defendant, it appealed. In the district court, when the defendant sought to have the action of the justice in overruling the demurrer reviewed, the plaintiff interposed an objection and moved to dismiss the appeal, " for insufficiency in the above notice in not demanding in said notice of appeal a new trial in the district court." This motion was sustained, and the defendant appealed to this court.

*R. H. Brown*, for appellant.

The appeal being upon questions both of law and fact, the court acquired jurisdiction by this notice. §§ 89, 91, Justices' Code. The omission to demand a new trial, if it were necessary in view of section 89, would not authorize the dismissal. § 145, C. C. Pro.

A statute conferring a right of appeal should have a liberal construction. 53 Barb. 407, 411 ; 63 id. 299, 309 ; 35 How. Pr. 193.

*N. D. Walling* and *T. J. Walsh*, for respondent.

The COURT:

Reversed upon the ground that the court erred in dismissing the appeal, and in declining to entertain jurisdiction of the case, and determine the questions of law apparent of record and raised by the appeal. All the justices concurring.