## TSCHETTER v. HEISER.

Justices' Code, Sec. 6130, providing that, when a party appeals to the circuit court on questions of law alone, he must prepare a statement of the case and file the same with the justice, which "must contain the grounds upon which the party intends to rely," etc., is mandatory; and, in the absence of such statement, the circuit court has no jurisdiction.

(Opinion filed Oct. 28, 1896.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action in claim and delivery. From a judgment in justice's court for plaintiff, defendant appealed to the circuit court, where the judgment was reversed, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellant.

The circuit court had no jurisdiction of the subject matter, for the reason that no statement on appeal was filed or settled by the justice. § 6130, Comp. Laws.

*Warren Dimock* and *Wellington Brown,* for respondent.

The provisions of Sec. 6130, Comp. Laws, are directory and not mandatory. Carr v. Railroad, 6 Dak. 15.

CORSON, P. J. This is an appeal from a judgment of the circuit court reversing the judgment of the justice's court in this action. The only question we shall consider is the one of the authority of the circuit court to render the judgment of reversal upon the appeal from the justice's court. The action in the justice's court was one in claim and delivery. The action was commenced, the usual affidavit and order for taking the property made, and summons issued and served. The complaint in the action seems to have been an oral one, and the substance entered in the justice's docket. To the complaint an answer was filed, a trial by jury had, and a verdict rendered in favor of the plaintiff, upon which a judgment was entered by the justice in the usual form. From this judgment an appeal was taken by the defendant to the circuit court, "upon the questions of law therein." There was no statement of the case prepared, settled or filed; and the case seems to have been heard in the circuit court upon the entries in the justice's docket, and papers filed in the justice's court, and returned by the justice with the notice of appeal.

The appellant contends that as the appeal was taken upon questions of law, and no statement made, the circuit court had no power or authority to render any judgment reversing the

judgment of the justice's court. The respondent contends that the circuit court was authorized to act upon the papers in the case and the entries in the justice's docket. He further contends that from the record of the case so before the court, it clearly appeared that the complaint in the action was insufficient; that the verdict was insufficient to sustain the judgment; and that the circuit court committed no error in reversing the judgment of the justice's court. Sec. 6130 of the Justice's Code provides that "when a party appeals to the circuit court on questions of law alone  *  *  *  he must, within ten days, *  *  *  prepare a statement of the case, and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal.  *  *  *  The proposed statement and amendments must be settled by the justice.  *  *.  *  The statement thus adopted or as settled by the justice, with a copy of the docket of the justice,  *  *  * may be used on the hearing of the appeal before the circuit court." It will thus be seen that a statement must be prepared, settled and filed, and that, with a copy of the justice's docket, motions, etc., it may be used on the appeal. Sec. 6136 provides that, "upon an appeal heard upon a statement of the case, the circuit court may review all orders affecting the judgment appealed from, and may set aside, modify or affirm the judgment." Two methods of appealing from a justice's judgment seem to be provided. In one, an appeal may be taken on both law and fact; and, in the other, upon questions of law alone. In the former case, the action is tried anew; in the latter, only questions of law are determined by the appellate court, and only upon a statement of the case. No appeal and hearing upon the record of the justice alone have been provided for. As an appeal can only be taken when allowed by law, and is purely a statutory proceeding, the provisions of the statute governing the appeal must be strictly followed. In an appeal, therefore, upon questions of law alone, the conditions upon which such an appeal is allowed must be followed. There is

only one method for presenting such an appeal to the appellate court, and that is upon a statement of the case. People v. County Clerk of El Dorado County, 10 Cal. 19. The importance of the statement is apparent from the fact that "the statement must contain the grounds upon which the party intends to rely." This statement is essential and necessary in order to enable the adverse party to know upon what grounds the appeal is taken; when the appeal is taken upon questions of law alone, that he may have incorporated in the statement such matters of record as he may deem necessary to show that the grounds relied upon are not well taken; and also to enable him to prepare for the hearing in the appellate court. The provisions of Sec. 6132, providing for the transmission of the papers to the appellate court by the justice, also clearly indicate that an appeal on "questions of law alone" must be upon a statement of the case. We are of the opinion, therefore, that the provision of the statute requiring a statement is mandatory, and must be followed. When, therefore, the appeal is taken upon questions of law alone, unless there is a statement as provided by the statute, the appellate court has no record before it upon which it is authorized to set aside, affirm or modify the justice's judgment, or to order a new trial. The circuit court, having before it no proper record upon which it could legally act, erred in reversing the judgment of the justice's court. The judgment of the circuit court is reversed, and that court is directed to dismiss the appeal.