## CITY OF CHAMBERLAIN v. PUTNAM.

1. Where the record transmitted by a justice to the circuit court on appeal on questions of law only contains a statement of the case indorsed "Filed and allowed," etc., it will be presumed, in the absence of a contrary showing, that it was adopted after notice to the adverse party, as required by Comp. Laws, § 6130.

2. In such connection, "allowed" will be treated as the equivalent of "adopted," the language of the statute.

3. On appeal to the circuit court on questions of law only, a statement of the case filed with and adopted by the justice after notice to the adverse party (Comp. Laws, § 6130) is jurisdictional; and hence only such questions as are presented by it can be considered on further appeal to the supreme court.

4. Act Cong. March 2, 1889 (25 Stat. 897), donated to the city of Chamberlain an island in the Missouri River, outside its corporate limits, conditioned on acceptance and use solely for park purposes. The act provided that the city should have authority to adopt all proper rules and regulations for the improvement and care of said park." *Held*, that the donation and its acceptance did not extend the established boundaries of the city so as to authorize it to prosecute for violation of ordinance on the island.

(Opinion filed Dec. 3, 1897.)

Appeal from circuit court, Brule county. Hon. F. B. SMITH, Judge.

Paul H. Putnam was convicted before a police justice of assault and battery.. He appealed to the circuit court, and from an affirmance of the judgment of conviction he further appeals. Reversed.

The facts are stated in the opinion.

*S. H. Wright*, for appellant.

*C. C. Morrow*, for respondent.

HANEY, J.  Defendant, having been convicted before a police justice for an alleged violation of the ordinances of the city of Chamberlain, appealed to the circuit court on questions of law alone, where the justice's judgment was affirmed, and he appealed to this court.

It is alleged in the abstract that "the defendant, by his attorney, F. F. Haskell, prepared, served, and the justice before whom the case was heard allowed, the following statement on appeal, on the 5th day of October, 1895." Respondent's additional abstract contains the following: "No notice of the filing of any statement was ever given to respondent or its attorney; and on the hearing of the appeal before the circuit court no proof was adduced that any notice of the filing of any statement had ever been given by appellant, and the purported statement was disregarded by the circuit court, because the same was never settled or allowed as required by law." The record contains a statement with this indorsement: "Filed and allowed this 5th day of Oct., '95 [Signed] Franklin Pickler, Justice of the Peace." "When a party appeals to the circuit court on questions of law alone, or desirring a review therein, upon the evidence appearing on the trial below, either of questions of fact or law, he must, within ten days from the rendition of judgment, prepare a statement of the case and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds, and no more. Within ten days after he receives notice

that the statement is filed, the adverse party, if dissatisfied with the same, may file amendments. The proposed statement and amendments must be settled by the justice, and, if no amendments be filed, the original statement stands as adopted. The statement thus adopted or as settled by the justice, with a copy of the docket of the justice, and all motions filed with him by the parties during the trial and the notice of appeal, may be used on the hearing of the appeal before the circuit court." Comp. Laws, § 6130. There is nothing in the record to indicate that the statement was disregarded by the circuit court. On the contrary, the inference is that it was considered; otherwise the appeal would have been dismissed. Where an appeal is taken on questions of law alone, and no statement is settled or adopted, it is the duty of the circuit court to dismiss. Tschetter v. Heiser 9 S. D. 68 N. W. 744. It must be presumed that the circuit court properly performed its duty, and it must be presumed that the statement was duly adopted. Notice of the filing should be in writing. Comp. Laws, § 5327. The statute does not state whether it shall be given by the justice or the party taking the appeal. The record should not be transmitted to the clerk of the circuit court until after the statement is settled or adopted. It cannot be settled or adopted until after the adverse party has received notice, and been given an opportunity to file amendments. There is no time prescribed within which such notice shall be given. In this respect the law is certainly defective, but the remedy rests with the legislature. Plaintiff might have moved the circuit court, upon showing that it had not received notice of filing of the statement, to have the cause remanded, with directions to settle or adopt the statement after notice. Having failed to do so, and having failed to show that it had not received notice, it was the duty of the circuit court to assume that the police justice had performed his duty, and that the statement had been adopted properly. The word "allowed," indorsed on the statement, is, we think, equivalent to "adopted." The justice having made

that indorsement, and having transmitted the papers to the circuit court, it must be presumed that the plaintiff had received notice on the day the statement was filed and was satisfied therewith. In the absence of any showing to that effect, it will not be presumed that the justice, in disregard of his plain duty, transmitted the statement before it was properly adopted. Only such questions as are presented by the statement were before the circuit court, and only such can be reviewed by this court. Comp. Laws, §§ 6130, 6132. Tschetter v. Heiser, *supra.* From the statement it appears that the offense was committed upon American Island, that the evidence does not show that such island is within the corporate limits of Chamberlain, and that defendant moved the justice's court to dismiss for that reason, which motion was denied. The ordinance upon which the charge is based provides that any person who shall disturb the peace by committing an assault, or an assault and battery, or riot, shall be punished, etc. It is one of the general ordinances of the city. As we understand the argument of the learned city attorney, it is conceded that the corporate limits of Chamberlain do not include American Island, unless they were extended by operation of an act of congress donating such island to the city. The act to divide a portion of the reservation of the Sioux nation, and for other purposes, approved March 2, 1889, contains the following: "American Island, an island in the Missouri River, near Chamberlain, in the territory of Dakota, and now part of the Sioux reservation, is hereby donated to the said city of Chamberlain: provided, further, that said city of Chamberlain shall formally accept the same within one year from the passage of this act, upon the express condition that the same shall be preserved and used for all time entire as a public park, and for no other purpose, to which all persons shall have free access; and said city shall have authority to adopt all proper rules and regulations for the improvement and care of said park; and upon the failure of any of said conditions the said island shall revert to the United States, to be disposed

of by futnre legislation only." 25 Stat. 897. Assuming that this donation was properly accepted by the city, it is clear that such donation and acceptance did not extend the established boundaries of the city. The act did not take effect until after the admission of this state, and congress ceased to have any power over the organization of municipal corporations therein, and the act itself was not intended to have the effect claimed for it. Observe the language: "Said city shall have authority to adopt all proper rules and regulations for the improvement and care of said park." This confers no greater power than the statute of this state, which provides that cities may "purchase, condemn, hold and improve public parks within or without the limits of the city, and provide for the protection, improvement and preservation of the same." Laws 1890, p. 72. It cannot be contended that defendant violated any rule or regulation for the protection, improvement, or preservation of the park. Undoubtedly, such rules and regulations may be enforced by the city upon the island, but beyond this its ordinances have no more force or effect there than elsewhere beyond the corporate limits as established under the laws of the territory and state. Aside from the protection and preservation of parks, the only matters concerning which the city ordinances have any effect beyond the corporate limits, of which we are aware, are bawdy or disorderly houses, houses of ill-fame, or any offensive or unwholesome business established within one mile of the limits. Laws 1890, p. 71; Laws 1895, C. 142. The acts charged against defendant do not come within either of the exceptions mentioned. If he was guilty of an assault, or an assault and battery, he violated the state law, and could have been prosecuted by the authorities of Brule county. Laws 1891, C. 45. If the city of Chamberlain desires to exercise jurisdiction over American Island for all purposes, it should have its corporate limits extended in accordance with the laws of this state. The judgment of the circuit court is reversed, with directions to reverse the judgment of the police court.