CARLSON, Respondent, v. REED, Appellant.

(140 N. W. 702.)

**Appeal—Jurisdiction of Circuit Court—Notice of Appeal—Demand for New Trial.**

The fact that a demand for a new trial is not embraced in notice of appeal from justice court to circuit court, did not warrant the latter in refusing to take jurisdiction of the case, if for no other purpose than affirmance of the judgment below; and, for that purpose, the circuit court acquired jurisdiction on

the appeal; and the order dismissing the appeal was erroneous. Tschetter v. Heiser, 9 S. D. 285, explained and modified.

(Opinion filed March 31, 1913.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by Arthur Carlson against M. B. Reed. From a judgment of the Circuit Court dismissing an appeal from justice's court, defendant appeals. Reversed.

*M. Moriarty,* for Appellant.

In maintaining the position that the Circuit Court erred in dismissing the appeal we are not unmindful of the fact that this Court has passed directly upon the question now presented, and that in so doing it has held adversely to appellant's contention. In the case of Aldrich v. Ramoe, 109 N. W. 125, in which this Court has recently passed upon this question, we believe the Court has laid down a doctrine at variance with the holdings of other courts, and at variance with the position of this Court defined in previous decisions, and this appeal is brought hoping that the Court may see fit to reverse or modify the holding in that case. Our hope that the Court may so do is based upon the following considerations:

First—In the decision in Aldrich v. Ramoe the Court reverses it previous holding in the case of Carr v. Chicago & Northwestern Railway Co., 6 Dak., 50 N. W. 125, but in doing so makes no reference to that case.

Second—In the trial of Aldrich v. Ramoe only two of three members then constituting the Court took part, His Honor Judge Corson, who was a member of the Court at the time the decision in Carr v. R'y. Co. was rendered, and who concurred in that decision, taking no part in the trial of Aldrich v. Ramoe.

Third.—In numerous decisions the Court has discussed the manner of taking appeals from Justice courts, and until the decision in Aldrich v. Ramoe, has always indicated by its language that an appeal taken from a judgment upon questions of both law and fact, where no statement of the case was filed, in effect demanded a trial de novo, even if such demand were not stated in words.

Fourth.—In holding that an appeal must be dismissed where the notice states that the appeal is taken upon questions of both law and fact, but fails to state that a new trial in the circuit court

is demanded, the Court violates all well established rules of statutory construction, and reads into a statute requirements which are not in the statute itself, and after reading those requirements in the statute hold them to be mandatory.

Fifth.—Because in holding that a notice of appeal from an inferior tribunal is fatally defective, although the notice contains all the statements affirmatively required by the statute prescribing the form of the notice, the Court reverses the well established rule that appeals from inferior tribunals are looked upon with favor by the appellate courts, and that statutes pertaining to forms of procedure will be liberally construed in the interests of justice, in all matters affecting the taking of such appeals.

Where the same Court has at different times held in direct variance upon any question, and the later decision fails to refer to the earlier, it cannot be considered that the law has been clearly established upon the question.

Two methods of appealing from a justice's judgment seem to be provided. In one an appeal may be taken upon questions of both law and fact; and in the other on questions of law alone. In the former case the action is tried anew; in the latter only questions of law are determined by the appellate court, and only upon a statement of the case. Tschetter v. Heiser, 9 S. D. 285.

"The appeal was taken upon questions of both law and fact. In such cases no statement is made, and the case is tried anew in the circuit court." City of Yankton v. Douglass, 8 S. D. 440.

"When the notice of appeal is served and filed the appeal is taken, and when the undertaking for costs is filed the appeal is perfected. These are the only prerequisites to the taking of an appeal that are jurisdictional, and, when performed within the time specified the appellate court has jurisdiction of the case." Edminster v. Rathbun, 3 S. D. 129.

It is a well recognized rule of statutory construction that only such provisions as are clearly and affirmatively stated can in any event be mandatory. Mere inference, or mere deduction from negative provisions of other sections cannot be construed as mandatory provisions of the statutes. Section 99 provides that the notice of appeal "must state whether the appeal is taken from the whole or a part of the judgment; and if from a part what part, and whether the appeal is taken on question of law or fact or

both." No other provision as to the contents of the notice can be found in the statutes. Evidently, then, when a notice stating these facts has been served and filed the appeal has been taken, and when this has been followed up by compliance with the statutes as to the undertaking the appeal has been perfected. The only provisions found elsewhere are for certain things to be done after the appeal has been taken, and to be done only in appeals of certain classes. Section 100 provides that, "When a party appeals to the appellate court on questions of law alone, or desires a review therein, upon the evidence appearing on the trial below, either of questions of fact or law, he must, within ten days from the rendition of judgment, prepare a statement of the case and file the same with the justice." Now a party has thirty days within which to take an appeal from a justice's judgment, but in order to secure a review, or perfect an appeal upon questions of law alone the statement must be filed within ten days after entry of judgment. It certainly follows, then, that one who allows the ten days to expire and does not file a statement is limited to a trial de novo in the appellate court. In such case a notice that appeal is taken from the judgment upon questions of both law and fact can have but one possible effect—that of demanding a new trial.

The only reasonable construction of the statute is that cited from Tschetter v. Heiser, supra; and in city of Yankton v. Douglass, supra, to-wit: That "where the appeal is taken upon questions of both law and fact, no statement of the case is made, and the case is tried anew in the circuit court." This is in accord with the practice in Minnesota where the requirements of the notice are the same.

As to the holding the notice fatally defective, although it contains all statements affirmatively required by the statute prescribing the form of the notice,—and as to this holding reversing the rule that appeals from inferior tribunals are looked upon with favor by appellate courts,—this rule is well established by appellate courts generally, and has been approved by this Court in Perrot v. Owen, 7 S. D. 454; Wimsey v. McAdams, 12 S. D., 509 and Haag v. Burns, 115 N. W. 104.

No brief was filed on behalf of Respondent.

McCOY, J. This case was instituted in justice court wherein defendant appeared, and a judgment was rendered in favor of

plaintiff and against the defendant. Within proper time the defendant duly served the following notice of appeal omitting formal parts and signature: "Please take notice that the above-named M. B. Reed appeals to the circuit court in and for said county from the judgment entered by the said justice of the peace in the above-entitled action, on the 13th day of August, 1910, against said M. B. Reed therein for the sum of fifty-two and 17-100 dollars, and that said appeal is taken upon questions of both law and fact." Defendant also gave proper undertaking on appeal. Upon the call of the calendar in the circuit court respondent moved for a dismissal of the appeal on the ground that the notice of appeal was not sufficient to give the appellate court jurisdiction of the appeal, in that it failed to demand a new trial in the circuit court. This motion was granted, and to which ruling of the court appellant duly accepted, and now assigns the same as error.

We are of the opinion that the said notice of appeal was sufficient to give the circuit court jurisdiction of the cause on appeal, and that the appeal was erroneously dismissed. By reason of having no statement of the case or demand for new trial, the appellant, as the record then stood, might have been in a helpless and stranded condition, so far as obtaining a review on appeal of the questions of law and fact were concerned; but the circuit court by virtue of the notice of appeal and undertaking had, if for no other purpose than an affirmance of the judgment, acquired jurisdiction. The cause was then properly before the circuit court on appeal to be disposed of in accordance with the record before the circuit court. In so far as the case of Tschetter v. Heiser, 9 S. D. 285, 68 N. W. 744, inferentially holds that the statement of case is a jurisdictional matter, we are unable to agree with that decision. In that case the circuit court should have been directed to affirm the judgment of the justice court, instead of dismissing the appeal. No question of jurisdiction was involved in the case of Aldrich v. Ramoe, 21 S. D. 52, 109 N. W. 641, and that case is therefore not applicable to the question involved herein. This case is governed by the decision of Karr v. Railway Co., 6 Dak. 14, 50 N. W. 125. There is no conflict between these two last mentioned cases.

The judgment or order appealed from is reversed.