## ALDRICH v. RAMOE.

Section 100 of the Revised Justices' Code provides that, where an appeal is taken on questions of law alone, or a review of questions of law and fact upon which the appeal was taken is desired, a statement containing so much of the evidence as may be necessary to explain the

grounds of asserted error must be supplied by the justice and transmitted with a copy of his docket and other papers and files to be used on the hearing in the appellate court. Section 101 obviates the necessity of such statement where a demand for new trial in the appellate court is inserted in the notice of appeal. **Held,** that an appeal was defective where the notice thereof stated that it was taken upon questions of both law and fact, where no statement of the case was ever prepared or settled, and where new trial in the appellate court was not demanded.

(Opinion filed, Nov. 16, 1906.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by Charles Aldrich against T. Ramoe. From a judgment of the circuit court on appeal by defendant from a judgment of a justice court, defendant appeals. Affirmed.

*C. G. Sherwood,* for appellant. *Wilbur S. Glass,* for respondent.

FULLER, P. J. On the 20th day of October, 1904, respondent obtained judgment in justice court, and appellant's counsel duly served a notice of appeal which, so far as material to the two questions presented, is as follows: "Please take notice that the above-named defendant appeals to the circuit court of the county of Codington, in the state of South Dakota, in the Third judicial circuit, from the judgment rendered in the above entitled action by Job Trenholm, justice of peace of said county, on the 20th day of October, A. D. 1904, in favor of the plaintiff and against the defendant for the sum of twenty-five dollars ($25) damages, and ten dollars ($10) costs. This appeal is taken from the whole of said judgment, and is taken upon questions of both law and fact." While it is stated in this notice that the appeal is taken upon questions of both law and fact, a new trial is not demanded, nor was a statement of the case ever prepared or settled as required by statute where a review is desired upon the evidence introduced at the trial below. Long after the time for taking an appeal from the justice of the peace had expired and when the case was reached for trial in the circuit court, it was decided that the foregoing notice did not entitle appellant to a trial de novo. Without yielding his right to urge that such ruling is erroneous, counsel for appellant there-

after moved to amend the notice by inserting a demand for a new trial. Consequently the sufficiency of the notice of appeal to justify a new trial and the right to amend the same, if insufficient, are the only questions presented for review.

That the notice state whether the appeal is taken on questions of law or fact, or both, is a requisite of section 99 of the Justices' Code, and, so far as applicable to the questions here presented, the procedure is further specified as follows:

"Sec. 100. When a party appeals to the appellate court on questions of law alone, or desires a review therein, upon the evidence appearing on the trial below, either of questions of fact or law, he must, within ten days from the rendition of judgment, prepare a statement of the case and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds, and no more. Within ten days after he receives notice that the statement is filed, the adverse party, if dissatisfied with the same, may file amendments. The proposed statements and amendments must be settled by the justice, and if no amendments be filed the original statement stands adopted. The statement thus adopted or as settled by the justice, with a copy of the docket of the justice, and all motions filed with him by the parties during the trial and the notice of appeal, may be used on the hearing of the appeal before the appellate court.

"Sec. 101. When a party appeals to the appellate court on questions of fact, or on questions of both law and fact, and demands in his notice of appeal a new trial in the appellate court, no statement must be made, but the action must be tried anew in that court."

Had the appeal been taken on questions of law alone, or a review of the questions of law and fact upon which the appeal was taken been desired, a statement in the nature of a bill of exceptions containing so much of the evidence as may be necessary to explain the grounds of asserted error must be settled by the justice of the peace and transmitted with a copy of his docket and other papers and files to be used on the hearing in circuit court. Therefore the only way to obviate the necessity of such a statement is to make a

demand for a new trial in the appellate court by inserting such demand in the notice of appeal, but the notice in question conforms to neither method of appealing and is therefore defective. In the case of Tschetter v. Heiser, 9 S. D. 285, 68 N. W. 744, it was held, in the absence of such a statement, that the circuit court had no jurisdiction of an appeal taken on questions of law alone, but this appeal is on both questions of law and fact, and, as no jurisdictional question is argued in appellant's brief, it will be assumed, for the purposes of this case only, that the proposed amendment was within judicial discretion.

As appellant has shown no abuse of such discretion or other errors of law occurring at the trial, the judgment appealed from is affirmed.

CORSON, J., not sitting.