CITY OF SIOUX FALLS, Respondent, v. WEARHAM, Appellant.

(190 N. W. 1019.)

(File No. 5153.    Opinion filed December 12, 1922.)

Municipal Corporations—Courts—Municipal Courts—Appeal and Error—City Ordinances—Trial de Novo in Circuit Court Cannot Be Had on Appeal from Municipal Court from Conviction of Violating City Ordinance.

An appeal from a municipal court under Laws 1919, c. 279, cannot be prosecuted to the circuit court for the sole purpose of a trial de novo in that court, since Const., Art. 5, Sec. 14, providing that "the circuit court shall have original jurisdiction in all actions * * * and such appellate jurisdiction as may be conferred * * *," is limited by section 23, giving the municipal court exclusive original jurisdiction of all cases arising under city ordinances.

Smith, J., dissenting.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Jack Wearham was convicted of violating a city ordinance. From an order granting a motion to dismiss his appeal to the circuit court, he appeals. Affirmed.

*M. G. Luddy, Bailey & Voorhees,* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

POLLEY, J. [1] Defendant was convicted of the violation of a city ordinance, in the municipal court of the city of Sioux Falls, and attempted to appeal to the circuit court under the provisions of chapter 279, Laws of 1919. His notice of appeal was oral, and no record was ever settled or error assigned or any question in any manner preserved for review. His only purpose therefore was to secure a trial of the cause de novo in the circuit court. Respondent moved to dismiss the appeal on the ground, among others, that the circuit court was without jurisdiction to try said cause. Such motion was granted, and, from the order dismissing such appeal, defendant appeals to this court.

To quote from appellant's brief:

"Only one question arises on this appeal, and that is the question of what construction sections 14 and 23 of article 5 of the Constitution should receive."

Section 14 provides that the circuit court shall have original jurisdiction of all actions, both at law and in equity, and such appellate jurisdiction as may be conferred upon it by law. Section 23 empowers the Legislature to create police magistrates in cities and towns, who shall have jurisdiction over actions arising under the ordinances of such cities and towns. In 1906 this section was so amended as to authorize the Legislature to create municipal courts in certain cities and confer upon such municipal courts exclusive original jurisdiction of all cases arising under the ordinances of such city. The effect of this amendment was to deprive the circuit courts of the original jurisdiction they had previously exercised of actions arising under ordinances of such city, and to confer such jurisdiction exclusively on the municipal courts. There is no conflict between the two sections. Being parts of the same instrument they should be considered together, and so far as material to this case they should be treated as though they read as follows:

"The circuit court shall have original jurisdiction of all actions and causes both at law and in equity, and such appellate jurisdiction as may be conferred by law and consistent with this Constitution; provided, however, that in cities where municipal courts exist such municipal courts shall have exclusive original jurisdiction of all causes arising under the ordinances of such city."

That a trial de novo in the circuit court on appeal is the exercise of original jurisdiction was finally settled by this court in Mann v. Hvammen, 32 S. D. 596, 144 N. W. 130. The question involved in this case was considered, and the cases on the subject collected and reviewed at length in the Hvammen Case. The distinction between the exercise of original and appellate jurisdiction in cases that are brought to the circuit court by appeal is clearly pointed out. While the writer did not concur in the opinion in that case, still that case became the law on the subject and was the law when this case was commenced, and we can see no reason why the law should be changed.

The order appealed from is affirmed.

SMITH, J. (dissenting). I think the words "exclusive original jurisdiction" in section 23, art. 5, Const., mean exactly what they import, viz: That police courts are given exclusive original jurisdiction in all cases arising under city ordinances, and all other courts are thereby deprived of original jurisdiction in such cases. But I cannot concur in the view that that section deprives the Legislature of power to provide for appeals and new trials in the circuit court. The right of appeal is wholly statutory, and the authority of the Legislature in that regard is nowhere limited by any provision of the Constitution.

A discussion of the original jurisdiction of circuit courts in this connection is misleading, and can have no proper application to the question presented on this appeal.

I therefore dissent.

Note—Reported in 190 N. W. 1019. See American Key-Numbered Digest, Municipal Corporations, Key-No. 642(4), 28 Cyc. 827, Courts, 15 C. J. Sec. 551.