BALK, Respondent, v. SACHS et al, Appellants.

(195 N. W. 837.)

(File No. 5373.   Opinion filed November 15, 1923.)

1. **Courts—Process—Summons—"Relief Summons," Not a "Money Demand Summons," Held Proper in Action for Tortiously Killing Horse.**

   In an action in municipal court for tortiously killing a horse, service of "money demand" summons is improper, and "relief" summons proper.

2. **Courts—Process—Summons—Prejudice from Erroneous Summons in Municipal Court Held Cured by Proper Complaint.**

   In an action in municipal court for tortiously killing a horse, prejudice to defendants from service of "money demand" summons was cured by the accompanying complaint advising them that the action was in tort, and limited to $100 and costs, in view of Rev. Code 1919, Sec. 2380, requiring disregard of unsubstantial defects.

3. **Courts—Appeal and Error—Process—Constitutional Law—Service of Summons on One Codefendant in City Held to Prevent Appeal to Circuit Court from City Court.**

   Where plaintiff served summons on one of the two codefendants in a city in a tort action, the complaint in which showed on its face that $100 plus costs and disbursements was all that could be recovered, the fact that the summons erroneously claimed $100 and interest would not authorize an appeal from the municipal to the circuit court, in view of Const., Art. 5, Sec. 23, giving the municipal court exclusive jurisdiction of cases arising under ordinances.

4. **Appeal and Error — Briefs — Striking Out Respondent's Reply Brief Containing Matters Not of Record Held Proper.**

   On appeal from the circuit court's dismissal of an appeal from a municipal court, respondent's supplemental brief, containing matters not of record in either lower court, and filed in reply to appellant's reply brief, will be stricken on appellant's motion.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. FLEEGER, Judge.

Action by Frank Balk against Clarence Sachs and another. From an order of the circuit court dismissing the named defendant's appeal from a municipal court, he appeals. Affirmed.

*Boyce, Warren & Fairbank* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Appellant.

*Jones & Matthews* and *Owen & Hareid,* all of Sioux Falls, for Respondent.

(1) and (2)  To points one and two of the opinion, Appellant cited: City of Sioux Falls v. Wearhan (S. D.), 190 N. W. 1019; Const., Art. 5, Sec. 22; Plunket v. Evans, 2 S. D. 434; Warder, Bushnell & Glessner Co. v. Raymond, 7 S. D. 451.

Respondent cited: Bradley v. Miller (S. D.), 118 N. W. 1035.

(3) and (4)  To points three and four, Appellant cited: Rev. Code 1919, Sec. 2250, Sec. 2225; Crouch v. Railroad Co., 22 S. D. 263; Sutton v. Apex Mining Co., 12 S. D. 576-84.

GATES, J.  Plaintiff brought an action in the municipal court of Sioux Falls against defendants for tortiously killing a horse. Defendant Sachs appeared, but defendant Wilson did not. Judgment was entered for plaintiff against both defendants. Defendant Sachs appealed therefrom to the circuit court of Minnehaha county. Upon motion of respondent Balk the appeal was dismissed upon two grounds, viz.: (1) That the cause was one of which a justice of the peace had jurisdiction, and that service on one of the defendants was made in the city of Sioux Falls, and therefore under the decision in City of Sioux Falls v. Wearham, 46 S. D. 98, 190 N. W. 1019, no appeal would lie to the circuit court; (2) that the notice of appeal was not served on Sachs' codefendant Wilson. Defendant Sachs appeals to this court from that order.

Appellant asserts that the action was not one of which a justice of the peace had jurisdiction, because there was demanded in the summons more than $100, and he relies upon Plunket v. Evans, 2 S. D. 434, 50 N. W. 961, and Warder, Bushnell & Glessner Co. v. Raymond, 7 S. D. 451, 64 N. W. 525.

The summons used was double barreled in form, for use

either as a "relief" summons or a "money demand" summons, with vertical lines surrounding one clause as shown below, and with a footnote "||Erase part not needed." The latter part of the summons was as follows, being a printed form, except the italicized words and figures, which were typewritten:

"And if you fail to answer the said complaint within the time aforesaid the plaintiff will | apply to the court for the relief demanded in the complaint | take judgment against you for *one hundred* (*100*) dollars besides interest thereon at 7 per cent. from *April 23, 1922,* together with costs and disbursements."

The complaint was served with the summons, and contained the following prayer:

"Wherefore the plaintiff prays judgment in the sum of $100, together with costs and disbursements of this action."

[1, 2] This was clearly a case where a "relief" summons was a proper form to use and a "money demand" form not. The demand in the summons for a specified sum was not warranted, but the complaint was served with the summons, and the defendants were thereby advised that the action was a tort action, and that only the sum of $100 was claimed aside from costs and disbursements. Therefore defendants were not prejudiced by the statement in the summons that, upon default, judgment would be taken for $100 and interest, nor would the jurisdiction of a justice have been exceeded had the action been brought in his court. In Bradley v. Mueller, 22 S. D. 534, 118 N. W. 1035, this court said:

"It seems to be generally held by the modern courts that, where a summons in a court of record is served, accompanied by a complaint, the defendant is required to look to the complaint, and not to the summons for the purpose of determining the cause of action against him, and that a variance between the cause of action as stated in the complaint and the summons will not entitle the defendant to a dismissal of the complaint or setting aside the summons."

[3] A careful consideration of that case and of the decisions therein referred to convince us that, if we should reverse the ruling of the trial court, we would utterly violate section 2380, Rev. Code 1919, which requires that errors and defects not affecting substantial rights be disregarded. Upon the face of the

complaint the plaintiff could only recover $100 aside from costs and disbursements, notwithstanding the erroneous claim in the summons for $100 and interest. The action was clearly one of which a justice of the peace had jurisdiction, and, the summons having been served on one of the two codefendants in the city of Sioux Falls, an appeal did not lie from the municipal court of Sioux Falls to the circuit court. Const., art. 5, § 23; City of Sioux Falls v. Wearham, supra.

A consideration of the other ground of dismissal is unnecessary in view of the above.

The order appealed from is affirmed.

[4] The motion of appellant to strike respondent's supplemental brief filed in reply to appellant's reply brief will be granted, as such supplemental brief is devoted to matters not of record in the municipal court, nor in the circuit court.

Note.—Reported in 195 N. W. 837. See, Headnote (1), Courts, Key-No. 189(4), 15 C. J. Sec. 418; (2) Courts, Key-No. 189(4), 15 C. J. Sec. 418; (3) Courts, Key-No. 190(2), 15 C. J. Sec. 418; (4) Appeal and error, Key-No. 767(1), 3 C. J. Sec. 1599.