BACHELOR, Appellant, v. VANDERBOS, Respondent.

(244 N. W. 532.)

(File No. 7472. Opinion filed October 10, 1932.)

*Windsor Doherty,* of Winner, for Appellant.

*Roscoe Knodell,* of Winner, and *W. J. Hooper,* of Gregory, for Respondent.

CAMPBELL, P. J.   Bachelor sued Vanderbos in justice court to recover possession of a horse.   The judgment of the justice was in favor of the defendant and against the. plaintiff, who thereafter in due course undertook to perfect an appeal to the circuit court.   The notice of appeal was in the following form   "Please take notice that the above named plaintiff, J. H. Bachelor, does hereby appeal from the judgment of the above named Justice of the Peace, rendered on the 16th day of April, 1932, in favor of the defendant and against the plaintiff for the immediate possession of one roan horse mentioned and described in the complaint in the above entitled action and in case a delivery thereof cannot be had for the sum of $50.00, the value thereof, together with the costs of said action, and from the whole of said judgment, and the said plaintiff and appellant herein hereby demands a new trial in the Circuit Court within and for said County."

Thereafter defendant appeared specially in circuit court and moved to dismiss the appeal, challenging the jurisdiction of the circuit court upon the following ground:   "That the court does not have jurisdiction of the defendant for the reason that the notice of appeal herein is not sufficient to give the court jurisdiction in that said notice of appeal does not state the ground of appeal or whether the appeal is taken on questions of law or fact, or both, as required by section 2225 of the Revised Code of 1919."

Thereafter, pursuant to said special appearance and motion, the circuit court made and entered its order dismissing the appeal, from which order plaintiff Bachelor has now appealed to this court.

The only question presented is whether or not the notice of appeal from justice to circuit court was sufficient in form.   As pointed out in Mann v. Hvammen, 32 S. D. 596, 144 N. W. 130, appeal in this state from justice to circuit court is of two types. In one the circuit court acts as a reviewing court only and determines the matter upon the record made in the justice court.   In

the other the circuit court acts as a court of original jurisdiction and tries the entire matter de novo. The present law of this state with reference to appeal from justice court in civil actions originated as sections 89, 90, and 91, Rev. Just. Code of 1877. Section 89 of that law was identical with section 2225, Rev. Code 1919, excepting that the provision of the present law permitting service of notice of appeal on the attorney of the adverse party as well as upon the party himself came in by amendment in 1881 (section 1, ch. 4, Laws Dak. 1881), and the provision for the appeal to county courts in certain cases was inserted by the code revisers of 1903 (section, 99, Rev. Just. Code 1903) ; the original provision of section 89, Rev. Just. Code 1877, providing only for appeal to the circuit (then district) court. Section 2225, Rev. Code 1919, reads as follows: "Any party dissatisfied with a judgment rendered in a civil action in a justice's court may appeal therefrom to the circuit court of the county, or in counties having ten thousand or more population, to the county court therein, at any time within thirty days after the rendition of the judgment. The appeal is taken by serving a copy of the notice of appeal on the adverse party or his attorney, and by filing the notice of appeal with the justice. The notice must state whether the appeal is taken from the whole or a part of the judgment; and if from a part, what part, and whether the appeal is taken on questions of law or fact, or both."

Sections 90 and 91, Rev. Just. Code 1877, were as follows:

"§ 90. *Law—Statement of Case.* When a party appeals to the district court on questions of law alone, he must, within ten days from the rendition of the judgment, prepare a statement of the case, and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds and no more. Within ten days after he receives notice that the statement is filed, the adverse party, if dissatisfied with the same, may file amendments. The proposed statement and amendments must be settled by the justice, and if no amendments be filed, the original statement stands as adopted. The statement thus adopted, or as settled by the justice with a copy of the docket of the justice, and all motions filed with him by the parties

during the trial, and the notice of appeal, may be used on the hearing of the appeal before the district court.

"§ 91. *Fact, or Both—Trial Anew.* When a party appeals to the district court on question of fact, or on questions of both law and fact, no statement need be made, but the action must be tried anew in the district court."

It is readily apparent that under this law the nature and scope of the appeal depended entirely upon the questions upon which the appeal was taken and nothing else. If taken on questions of law alone, the jurisdiction of the higher court was appellate in its nature and the determination there was upon the record made before the justice. If any questions of fact were involved, however (that is, if the appeal was on questions of fact or on questions of both law and fact), the matter was tried de novo in the higher court. Under those circumstances, the importance of stating in the notice of appeal whether it was taken on questions of law or questions of fact, or both, is perfectly plain. The parties and also the higher court were thereby advised and could not be otherwise informed of the nature of the appeal and of the manner in which, under the law, it would be necessary to have it heard and handled in the higher court.

Two years after their original enactment in the Code of 1877, however, sections 90 and 91, above quoted, were amended (sections 1 and 2, ch. 31, Laws Dak. 1879) to read as they read today in sections 2226 and 2227, Rev. Code 1919, which are as follows:

"§ 2226. *Appeal on Questions of Law—Statement.* When a party appeals on questions of law alone, or desires a review upon the evidence appearing on the trial below, either of questions of fact or law, he must, within ten days from the rendition of judgment, prepare a statement of the case and file the same with the justice. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds, and no more. Within ten days after he receives notice that the statement is filed, the adverse party, if dissatisfied with the same, may file amendments. The proposed statement and amendments must be settled by the justice, and if no amendments be filed the original statement stands as settled. The statement thus settled, with a copy of the docket

of the justice, all motions filed with him by the parties during the trial and the notice of appeal, may be used on the hearing of the appeal before the appellate court.

"§ 2227. *Appeal on Questions of Fact.* When a party appeals on questions of fact, or on questions of both law and fact, and demands in his notice of appeal a new trial in the appellate court, no statement is required, but the action must be tried anew in that court."

The change in the law worked by the amendment of 1879 is obvious. The nature and course of the appeal no longer depends solely upon the questions appealed from, but depends to some extent at least, upon the desire of the party appealing. Under the law of 1877, on appeal from questions of law alone the matter must be tried upon the record of the justice. On appeals from questions of fact alone or from questions both of law and fact the matter must be tried de novo. By the 1879 amendment appeals on questions of law alone must still be tried on the record of the justice, but now appeals on questions of fact alone or on questions of both law and fact will likewise be tried on the record of the justice unless the appellant in his notice of appeal demands a new trial, in which event they will be tried de novo in the higher court. See Aldrich v. Ramoe, 21 S. D. 52, 109 N. W. 641. In other words, the nature of the questions appealed from is no longer the sole governing factor in determining the nature and course of the appeal, but the thing that has now been made the governing factor (excepting in appeal on questions of law alone, which must always be tried on the record of the justice) is whether or not the appellant in his notice of appeal has demanded a new trial. When a new trial is had on appeal from a justice, every question in the case, both of law and of fact, is opened up for independent examination and determination under the original jurisdiction of the higher court. People's Sec. Bank v. Sanderson, 24 S. D. 443, 123 N. W. 873. Since an appeal from a justice court upon questions of law alone is not subject to trial de novo in the higher court, and since in any case where an appeal is taken on questions of fact (either alone or in conjunction with questions of law) appellant may, at his option, demand a trial de novo, and since the necessary consequence of a trial de novo is a redetermination of

all questions of both law and fact, we are of the opinion that an appellant who gives notice that he appeals from the whole of a judgment and demands a new trial in the circuit court by those same words gives notice, in substance and practical effect, that he appeals upon all questions in the cause both of law and of fact. A re-examination and redetermination of all questions of law and fact being the inescapable result of the new trial which he has demanded, a notice that the appeal is from questions both of law and of fact as contemplated by section 2225, Rev. Code 1919, is necessarily implicit in a notice that the appeal is from the whole judgment coupled with a demand for new trial as contemplated by section 2227, Rev. Code 1919.

We are therefore of the opinion that the notice of appeal to the circuit court in the instant case was sufficient to confer jurisdiction upon that court, and the order appealed from is reversed.

All the Judges concur.