[File No. 7136]

IN THE MATTER OF THE ALLEGED VIOLATION BY LEO GUON, a retail dealer of beer and liquor in Mandan, North Dakota, of the provisions of Chapter 50 of the Session Laws of North Dakota for the year 1945, as amended by Chapter 9, 1947 Session Laws for the State of North Dakota.

LEO GUON, Appellant, v. NELS G. JOHNSON, Attorney General of the State of North Dakota, Respondent.

(38 NW2d 280)

Opinion filed June 27, 1949

*Sullivans, Kelsch & Lord,* for appellant.

*Wallace E. Warner,* Attorney General, and *C. J. Schauss,* State's Attorney, for respondent.

CHRISTIANSON, J.   This is an appeal from a judgment of the District Court of Morton County sustaining and affirming an order of the Attorney General suspending for a period of thirty days a retailer's state beer license and a retailer's state liquor license theretofore issued to the appellant, Leo Guon, by the Attorney General.

The appellant, Leo Guon, was a duly licensed retailer of beer and liquor in Mandan, North Dakota, by virtue of a retailer's state beer license and a retailer's state liquor license duly issued to him by the Attorney General pursuant to the provisions of Laws 1945, Chapter 50, as amended by SL 1947, Chapter 9; 1947 Supplement to ND Rev Code 1943, Chapter 5–05.

The law which provides for the issuance of such licenses makes it "unlawful for any person, partnership, association of individuals or corporation to engage in the sale of alcohol or alcoholic beverages at retail unless there shall have been first procured from the Attorney General of the State of North Dakota a license so to do." Laws 1945, Chapter 50, § 1; 1947 Supplement to ND Rev Code 1943, § 5–0501. The law also provides that any person who has information that any licensed retailer of beer or alcoholic beverages has violated any of the provisions of the act under which the license is issued "or any law respecting the sale of beer or intoxicating liquor may file with the Attorney General an affidavit setting forth such violation or violations;" and it is made the duty of the Attorney General upon the filing of such affidavit to set the matter down for hearing and to mail to the retailer a copy of the affidavit together with a notice of the time and place of hearing. Laws 1945, Chapter 50, § 7; 1947 Supplement to ND Rev Code 1943, § 5–0511. The law provides that if after the hearing the Attorney General finds that the violation or violations charged in the affidavit have been established he shall order the revocation or suspension of the license. Laws 1945, Chapter 50, § 9; 1947 Supplement to ND Rev Code 1943, § 5–0513. The law further provides that the action of the Attorney General in revoking or suspending a license may be appealed to the district court. Laws 1945, Chapter 50, § 11 as amended by SL 1947, Chapter 9; 1947 Supplement to ND Rev Code 1943, § 5–0515.

An affidavit was filed with the Attorney General charging that the appellant Guon had violated certain provisions of the law under which the licenses were issued and the Attorney General caused a hearing to be had. The Attorney General held that the appellant was guilty of the violations set forth in the affidavit and ordered that the retailer's beer license and the retailer's liquor license theretofore issued and then held by the appellant Guon be suspended for a period of thirty days.

Guon appealed to the District Court of Morton County from the order of the Attorney General suspending such licenses. In his notice of appeal he stated that he appeals from the whole of the order and "demands a trial anew and review of all of the issues of law and fact presented by said proceedings in the District Court of Morton County, North Dakota, in the manner provided by law." The district court sustained the order of the Attorney General and rendered judgment suspending the beer and liquor licenses for a period of thirty days after the entry of judgment. Guon has appealed from the judgment of the district court and demanded a trial anew in this court.

The system of licensing retail dealers of beer and intoxicating liquors by the attorney general originated with the enactment of Chapter 50, Laws 1945. This law, as has been noted, provides also for proceedings before the attorney general for the revocation or suspension of such licenses and provides further that the decision of the attorney general revoking or suspending a license shall be subject to appeal to the district court. Specifically the statute provides:

"The action of the attorney general in revoking or suspending a license may be appealed to the district court of the county and district in which the premises described in the license are located by procedure applicable to appeals from justice court except that the attorney general's order revoking or suspending the license may be stayed by the court appealed to upon filing with the clerk of said court a bond approved by and in the amount set by the judge of said district court for the faithful observance of the laws of the state relative to the operation of the business licensed during the pendency of the appeal.

"*Such appeal shall be heard and determined by the court without a jury, at any time fixed by the court. A certified transcript of the evidence adduced at the hearing provided for in Section 8 of Chapter 50 of the Session Laws of North Dakota for the year 1945 (5–0512) may be introduced in evidence and shall be considered by the court.*

"The revocation or suspension of a licensee's municipal or county license shall automatically revoke or suspend such licensee's state license." Laws 1945, Chapter 50, Sec. 11 as amended by SL 1947, Chapter 9, Sec. 2.

The provisions which we have italicized did not appear in the law as enacted in 1945 but were added by amendment in 1947. See Laws 1947, Chapter 9, § 2. At the time the law providing for the issuance of retailers' beer and liquor licenses by the attorney general and the revocation of such licenses was enacted in 1945 and when it was amended in 1947 there was in force and effect in this state the Administrative Agencies Uniform Practice Act, enacted by the Legislative Assembly in 1941, which related to the procedure before administrative agencies and which among other things provided for an appeal to the district court from decisions of an administrative agency. See Laws 1941, Chapter 240; ND Rev Code 1943, Chapters 28–32.

The law providing for issuance of retailers' beer and liquor licenses by the attorney general and the revocation of such licenses did not purport to make the provisions of the Administrative Agencies Uniform Practice Act relating to appeals from determinations of an administrative agency applicable to appeals from decisions of the attorney general revoking such licenses. On the contrary it prescribed procedure quite unlike that provided by the Administrative Agencies Uniform Practice Act. It provided that the action of the attorney general in revoking or suspending a license may be appealed to the district court of the county and district in which the premises described in the license are located "by procedure applicable to appeals from justice court."

The Administrative Agencies Uniform Practice Act is a comprehensive measure purporting to prescribe the procedure on hearings before administrative agencies and on appeals from the

determinations of such agencies. It provides that a record shall be made of all testimony adduced at any hearing before an administrative agency, (ND Rev Code 1943, § 28–3212), and requires that the agency make findings of fact and conclusions of law as a basis for its decision. (ND Rev Code 1943, § 28–3213). It provides that a party aggrieved by the decision may petition for a rehearing (ND Rev Code 1943, § 28–3214), and that any party to a proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal to the district court from such decision within thirty days after notice thereof has been given. (ND Rev Code 1943, § 28–3215). It provides that the agency after the deposit by the appellant of the estimated cost of a transcript of the evidence shall prepare and file in the office of the district court in which the appeal is pending the original or a certified copy of the entire proceedings before the agency, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, exhibits, reports or memoranda, exceptions or objections, findings of fact, proposed findings of fact submitted to the agency, and the decision of the administrative agency in such proceeding. That if the notice of appeal shall specify that no exception or objection is made to the agency's finding of fact, and that the appeal is concerned only with the agency's conclusions based on the facts found by it, the evidence submitted at the hearing before such agency shall be omitted. (ND Rev Code 1943, § 28–3217). It also provides that the court upon application and cause shown may allow additional evidence to be taken, heard, and considered by the administrative agency. In such case the administrative agency after considering such additional evidence may amend or modify its findings of fact, conclusions of law and decision and is required to file with the court a transcript of such additional evidence, findings of fact, conclusions of law and decision, if any. (ND Rev Code 1943, § 28–3218).

The statute further provides: "The court shall try and hear an appeal from the determination of an administrative agency

without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28-3218, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court." ND Rev Code 1943, § 28-3219.

Our statutes relating to appeals from a justice court provide that "a defendant in a criminal action may appeal from the judgment of a justice of the peace at any time within thirty days by giving notice of the appeal and giving bail for his appearance in the district court" as prescribed by law; and that "any party dissatisfied with a judgment rendered in a civil action in justice court, whether the same was rendered on default or after a trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of the judgment." ND Rev Code 1943, §§ 33-1234, 33-1101. "An appeal in a criminal action duly perfected transfers the action to the district court for trial anew regardless of any ruling or decision of the justice." ND Rev Code 1943, § 33-1240. When a party appeals from a judgment rendered in a civil action in justice court upon questions of both fact and law and demands a trial anew in the district court, the action is triable "anew in the district court in the same manner as actions originally commenced

therein." ND Rev Code 1943, § 33–1116; Bryan v. Miller, 73 ND 487, 16 NW2d 275; Bachelor v. Vanderbos, 60 SD 392, 244 NW 532; Bonesteel v. Gardner, et al. 1 Dak 372, 46 NW 590.

Where an appeal from a justice court for a new trial in the district court is perfected and the case transferred to the district court pursuant to the prescribed appellate procedure and brought within the jurisdiction of the district court for trial, the district court becomes vested with original jurisdiction of the cause and all questions both of law and fact involved in the controversy are opened up for independent examination and determination in the district court. Bryan v. Miller, 73 ND 487, 16 NW2d 275, supra; Bachelor v. Vanderbos, 60 SD 392, 244 NW 532, supra; Bonesteel v. Gardner, 1 Dak 372, 46 NW 590, supra.

The distinctions between an appeal under the Administrative Agencies Uniform Practice Act and an appeal from a justice court for a new trial in the district court are obvious. On an appeal under the Administrative Agencies Uniform Practice Act the review in the district court is restricted to the record that was made in and certified by the administrative agency. On an appeal for a new trial under the statute relating to appeals from a justice court the district court is charged with the duty and has the power to try the action precisely as though no former trial had been had. In other words on an appeal to the district court under the provisions of the Administrative Agencies Uniform Practice Act the district court reviews the action and decisions of the administrative agency upon the record made by that agency; on an appeal for a new trial under the provisions of the law providing for appeals from a justice court, the court tries the case anew and makes independent examination and determination of the questions of law and fact that are involved. It will be noted that in Chapter 50, Laws 1945, no reference is made to the record of the hearing before the attorney general, but in the amendment to the law enacted in 1947 provision was made that "a certified transcript of the evidence adduced at the hearing . . . may be introduced in evidence and shall be considered by the court." This language is consistent with the declared purpose of such law that appeals from the order of the attorney general revoking a license shall be subject to the laws appli-

cable to appeals from a judgment in a justice court. If such appeals were subject to the provisions of the Administrative Agencies Uniform Practice Act the transcript of the proceedings had below including the evidence would be part of the record certified to the district court on appeal and the review in the district court would be confined to such record. The transcript of such evidence would not constitute something that might be offered in evidence, it would constitute the very record to be reviewed.

We are all agreed that an appeal from an order of the attorney general suspending a beer license or a liquor license does not fall within the purview of the Administrative Agencies Uniform Practice Act; that such appeal must be taken and is triable in the district court in the same manner as an appeal to the district court from a judgment of a justice of the peace, (Laws 1945, Ch 50, § 11 as amended by SL 1947, Ch 9, § 2), and where the appellant in the notice of appeal demands a trial anew in the district court every question of law and fact involved in the proceeding is opened up for independent examination and determination by the district court. On the trial in the district court the parties to the controversy may introduce evidence, witnesses may be examined, and the action tried to the court without a jury as though the proceeding had originated in the district court and as if no former hearing had been had, although a certified transcript of the evidence adduced at the hearing before the attorney general may be offered and admitted in evidence.

The case has been presented in this court by both parties on the theory that the appeal from the order of the Attorney General is one within the purview of the provisions of the Administrative Agencies Uniform Practice Act. In the respondent's brief it is said:

"While the statutes do not expressly so provide it is apparent that the intention of the legislature was that an appeal from a determination of the Attorney General under the sections cited above should be heard and determined on review in the same manner and subject to the same rules as apply to appeals from other administrative agencies.

"In that regard it will be noted that the statute provides for appeal from a determination of the Attorney General by procedure applicable to appeals from decision of a justice court. It is the contention of the respondent that this provision merely provides the method of taking the appeal and that it was not the intention of the legislature that the appellant should be entitled to a retrial of the matter without regard to the previous proceedings of the Attorney General as is the case upon an appeal from a judgment of a justice of the peace."

Appellant's counsel takes no issue with this statement.

The contentions and the argument in the briefs and on the oral argument on this appeal are predicated upon the theory that the appeal from the order of the Attorney General is one within the purview of the provisions of the Administrative Agencies Uniform Practice Act and devoted in a large measure to questions as to the effect to be given to the determination of the Attorney General under the provisions of the Administrative Agencies Uniform Practice Act and the weight to be given to such decision by the trial court and by this court. Apparently the parties also proceeded upon the same theory in the court below. The record of the proceedings had in the district court is quite brief. There is a statement by appellant's counsel that they have agreed to submit the appeal to the court upon the record made before the Assistant Attorney General and a subsequent hearing shown by the record at the Attorney General's office, subject to the reservations that appellant Guon's counsel desires time to examine the transcript of the evidence adduced at the hearing before the Attorney General to ascertain whether it is substantially correct and if it is found that there are mistakes that then appellant's counsel will want to stipulate with attorneys for the State for the correction of such mistakes as may have been made by inadvertence of the court reporter. It was then stipulated that Exhibit A was the original transcript of the proceedings had before the Attorney General, subject to the reservations with respect to corrections formerly referred to. There was no oral argument before the trial court and it was stated that the case would be submitted on briefs. Although appellant in his notice of appeal demanded a trial anew in the

district court and some statement is made by the trial court in a memorandum decision that the case is to be tried anew, so far as we can ascertain from the record the prevailing theory was that the trial anew was to be had upon the evidence taken before the attorney general and that no new or additional evidence might be adduced in the district court. This court is in effect asked to make the provisions of the Administrative Agencies Uniform Practice Act applicable to the trial in the district court of an appeal from an order of the attorney general suspending a retailer's beer or liquor license and to the appeal from the judgment of the district court sustaining the order of the attorney general suspending such license. The authority of the attorney general to suspend or revoke such license is wholly statutory. The right of appeal from an order of the attorney general suspending or revoking such license, the method of taking an appeal, the scope of the trial in the district court, the appeal to the supreme court and the scope of review in the supreme court all stem from the statute, which authorizes the appeals to be taken and authorizes the court to hear and determine them. Helland v. Jones, ante, 511, 37 NW2d 513.

In view of the situation presented by the record in this case we deem it necessary that the case be remanded to the district court to the end that the parties may have an opportunity to try the case in that court in the manner that the law contemplates it shall be tried and so that if the case is again presented to this court it may be upon a record such as the law contemplates shall be presented on an appeal of this character. Accordingly the cause is remanded with directions that the trial court vacate the judgment and afford the parties a trial conformable to the law.

NUESSLE, Ch. J., and MORRIS and BURKE, JJ., and GRIMSON, District J., concur.

BURR, J., did not participate.