BOARD OF COUNTY COM'RS OF DAVISON COUNTY, Respondent, v. ALTHEN, Appellant

(39 N. W.2d 520)

(File No. 9026. Opinion filed October 27, 1949)
Rehearing denied December 15, 1949

**John Carl Mundt,** Sioux Falls, attorney for Defendant and Appellant.

**Fred J. Nichol,** State's Attorney, Mitchell, attorney for Plaintiff and Respondent.

**Morgan & Fuller,** Mitchell, attorneys for Petitioners.

ROBERTS, J.   A judgment entered in this action declared "that the telephone lines owned and operated by John Althen within the County of Davison, State of South Dakota and including telephone lines operated under the name of Mt. Vernon Rural Telephone Company and also the Blendon Telephone Company are hereby declared to be a public nuisance and a menace to travelers on the public highways and menace to public safety" and decreed that the owner remove all of his poles, wires and equipment from all the public highways of the county within thirty days from the signing of the judgment and if he failed to remove same within that time the county commissioners were authorized to do so at the expense of appellant.   From that judgment John Althen has perfected to this court an appeal.

The record discloses that certain residents of Davison county petitioned the board of county commissioners to declare the telephone lines of John Althen a nuisance and to require him to remove them from the highways of that county and if he failed to remove them to commence proceedings to require him to abate the nuisance. The Commissioners after hearing adopted a resolution declaring the telephone lines owned by John Althen to be a nuisance and directing him to remove them from the public highways of Davison county on or before January 28, 1948. Being dissatisfied with the decision of the board, John Althen appealed to the circuit court, taking such appeal under the provisions of SDC 12.0618 et seq. which provide for trial de novo in the circuit court. The county auditor then certified to that court a transcript of the proceedings before the board. The cause came on for trial and was heard and determined de novo. The pertinent findings of the court below are as follows: "That the lines of telephone involved in this action were built nearly fifty years ago, some by the Blendon Rural Telephone Company, which was incorporated by farmers desiring telephone service, and some by the Mt. Vernon Telephone Company; that the Blendon Rural Telephone Company has not held a meeting of any kind for more than 10 years; that John Althen has during said period claimed to be the principal owner of the stock of said corporation and exercised the right of control and ownership thereof; that he claims to own all of the remainder of said lines through purchase thereof from C. B. Woodard, the former owner of the Mt. Vernon Telephone Company; * * * that by reason of the dilapidated condition of said telephone lines and their failure to properly function as a telephone line, the former subscribers thereon discontinued their use of said lines and had their phones disconnected, and for more than two years practically no service has been rendered or furnished to the people of Davison County over said lines; * * * that a large percentage of the poles comprising said lines have, by reason of age, become so rotted that they are unfit for the purpose for which they were originally intended; that many of said poles have broken off and fallen into the highway, carrying the wire

strung thereon with them; that many of the wires have broken and are now lying along the highway or in the fields adjacent thereto and become enangled with machinery operated in said fields and upon said highways; that said poles and lines have in several places fallen down across the highways carrying the wires with them and have obstructed the passage of automobiles along said highways until the operators of said cars had cut the wires and removed them from the highway; * * * that the appellant, John Althen, has discontinued keeping the exchange office in Mt. Vernon (with which said lines were connected) open". The court adopted the following findings proposed by appellant: "That the telephone service of John Althen was terminated by virtue of judgment issued out of the Circuit Court of the Fourth Judicial Circuit in and for Davison County, South Dakota, dated January 28th, 1947," and "that the appellant, John Althen, has made no attempt to improve his telephone system and establish a new system by virtue of a so-called franchise, acquired by him from E. H. Kaup, under date of December 4th, 1946." The court concluded that because of nonuser and abandonment and of the fact that the condition of the poles and wires along highways in the county rendered such highways dangerous to persons using them the court had authority to compel the removal of the poles and wires on the ground that they constituted a public nuisance.

The questions involved as stated by counsel for appellant relate to the lack of jurisdiction of the board of county commissioners and of the court below over the subject matter of the proceedings; it is claimed that since exclusive jurisdiction is vested in the public utilities commission to determine whether service rendered by a public utility, except street railways, is adequate and if not to require adequate service, the court below was without jurisdiction, and that in any event a board of county commissioners would have no right to institute and maintain an action to require the removal of telephone lines and poles along a state highway.

As to the authority of a board of county commissioners

with reference to the abating of a nuisance upon public highways, Chapter 123, Laws 1945, provides:

"Section 1. That any tree, structure or other object, which because of its location and because of its age, infirmity, angle of stance or other condition, is likely to fall, in whole or in part, upon any public highway within the State of South Dakota, so that any person using such highway at the time of such fall might be injured thereby, shall be and is a public nuisance against which the remedies prescribed by Section 37.4707 of the South Dakota Code of 1939 may be employed.

"Section 2. Whenever it shall be made to appear to the satisfaction of any Commission, Board or Governing Body charged with the duty of the maintenance of any highway in this State, that a nuisance as defined in Section 1 hereof exists along any highway in respect to which highway said Commission, Board or Governing Body has the duty of maintaining, it shall be their duty to proceed to negotiate with the owner of the property on which said nuisance exists for voluntary abatement of same. In case the owner of said property or of said nuisance refuses or fails to voluntarily abate said nuisance within a reasonable time, it shall then be the duty of said Commission, Board, or Governing Body, to bring a civil action on behalf of the public, in the proper court, to abate said nuisance. In case abatement is ordered in said suit, the cost of such action shall be charged against the owner of the land on which said nuisance was maintained and against whom the action in abatement was brought."

It cannot be doubted that the court below had plenary original jurisdiction to give relief against either a public or private nuisance by compelling an abatement or restraining a continuance of an existing nuisance and that the board of county commissioners had authority under the 1945 Act to institute and prosecute a civil action to abate a nuisance as defined therein.

In the case of Mann v. Hvammen, 32 S.D. 596, 144 N. W. 130, the question presented was whether or not defendant by appealing to the circuit court and demanding

a new trial was estopped from questioning the jurisdiction of that court over the person or the subject matter of the action regardless of the fact that the justice court had no jurisdiction. The following language from In re Burnette, 73 Kan. 609, 85 P. 575, 577, relied upon in the earlier case of People's Security Bank v. Sanderson, 24 S.D. 443, 123 N.W. 873, was quoted with approval: "The jurisdiction to consider and decide causes de novo is in its essence original. The manner in which a case reaches the higher court is not the test. Jurisdiction being the power to hear and determine, the nature of the functions to be exercised controls, whether they are brought into activity by primary process or by removal from an inferior tribunal. Upon a trial de novo the power of an appellate court in dealing with the pleadings and the evidence, in the application of the law and in the rendition of judgment according to the right of the case, all independent of the action of the lower court, is no different from what it would be if the case were begun there originally, and hence is not 'appellate,' within the meaning of laws creating jurisdiction." See also Quinn v. Conklin, 33 S.D. 406, 146 N.W. 587; City of Sioux Falls v. Wearham, 46 S.D. 98, 190 N.W. 1019; Bachelor v. Vanderhos, 60 S.D. 392, 244 N.W. 532. In the case of Adams County v. Scott, 117 Wash. 85, 200 P. 1112, 1114, it was held that where a party attempted to appeal to a superior court from a decision of the board of county commissioners, although an appeal would not lie, it was held that the party appealing to the superior court which had original jurisdiction of the subject matter could not complain because he had "come into court by the wrong door". We quote from the opinion therein: "All of the parties being present or represented by attorneys, a large amount of testimony was taken, and the court entered a judgment in the case. At no time, so far as we can find in the record, did the defendants (appellants here) raise in the lower court the question of jurisdiction or permit the trial court to consider or pass upon the questions which they have raised in this court. Under these circumstances, it would seem that we should treat the case, although it reached the superior court by direct appeal, as being maintained and tried there by consent

of the parties, as an independent action, and the bill of particulars made by the plaintiff (respondent here) may be taken as his petition or complaint in such action, upon which the case was tried in the lower court."

■ ■ We do not deem it necessary to determine whether or not the board had authority to hear and act on the petition presented to it and declare the existence of a nuisance and order an abatement thereof. The parties having voluntarily appeared and consented to the trial having been had as if jurisdiction had been invoked by ordinary process appellant cannot now question the jurisdiction of the circuit court to abate a nuisance along any highway maintained by the county. The legislature has conferred control and supervision of the state trunk highway system in the state highway commission. SDC 28.02; Robinson v. Minnehaha County, 65 S.D. 628, 277 N.W. 324. We agree with appellant that a board of county commissioners has no authority to maintain an action to abate a nuisance on a state highway. The right of a board of county commissioners to institute such an action under the provisions of the 1945 Act is with respect to highways which are maintained by the county.

■ There remains to be considered the contention that the public utilities commission and not the circuit court had jurisdiction over the matters in controversy. The Public Utilities Statute, SDC 52, provides for a commission with broad and extensive powers in the regulation and supervision of public utilities. City of Mt. Vernon v. Althen, 72 S.D. 454, 36 N.W.2d 410. It is particularly urged by counsel that it is within the province of the commission to determine whether a public utility is maintaining its facilities in a safe condition and to determine the adequacy of the service rendered and relies upon the provisions of SDC 52.0202 which provides in part as follows: "If any bridge, line, wire, facility, or structure shall be deemed unsafe by the Commission they shall notify the common carrier immediately, and it shall be the duty of such common carrier to repair, renew, or replace such bridge, line, wire, facility, or structure, in such manner and of such material and within such time as the Commission may order." The statute,

SDC 52.0502, provides for appeals to the circuit court from any final order or determination of the commission to the circuit court and it may be assumed, without so deciding, that matters within the jurisdiction of the commission must first be determined by it and that courts have no jurisdiction over such matters until they have been submitted to, and passed upon, by the commission. In a memorandum, the trial court stated that appellant had discontinued the telephone exchange at Mt. Vernon; "that his poles and lines were merely strung along the public highway in a dilapidated condition and were not a part of any live, functioning telephone system, but merely constituted physical barriers that were a menace to travelers on the public highway. * * * In other words, the telephone lines have been abandoned as a telephone system, and the court is dealing with them now not as a telephone system but as a nuisance interfering with the use of public highways." The evidence fully sustains these views and findings to that effect. Since a utility was not involved, the commission did not have primary jurisdiction of the matter. Decisions relied upon by appellant are without application so far as the present question is concerned. They deal with complaints relative to rates, service or regulations which were under the control of a public service commission and the relief complainants sought could only be granted by such an administrative body.

The judgment appealed from is reversed and the cause remanded with directions to modify the judgment in so far as it affects telephone lines along state highways in harmony with the views herein expressed.

RUDOLPH, SICKEL, and HAYES, JJ., concur.
SMITH, P.J., not sitting.