STATE of North Dakota, Plaintiff and Respondent,

v.

Peter JORDA, Defendant and Appellant.

No. 7511.

Supreme Court of North Dakota.

Dec. 19, 1955.

Leslie R. Burgum, Atty. Gen., Owen T. Owen, Asst. Atty Gen., and C. E. Crane, State's Atty., Mott, for plaintiff.

J. K. Murray and William S. Murray, Bismarck, for defendant.

GRIMSON, Judge.

This case was commenced by a complaint to the attorney general alleging that the defendant, a licensed beer and liquor dealer, sold alcoholic beverages to minors. Notice of a hearing thereon was given to the defendant as provided by Section 5-0511, NDRC 1953 Suppl. A hearing was had on evidence taken before an Assistant Attorney General. He made findings showing the defendant guilty as charged and recommended that his licenses be revoked. The attorney general acted thereupon and made an order revoking the defendant's beer and liquor licenses. An appeal was taken under Section 5-0515, NDRC 1953 Suppl., and the revocation of the licenses stayed during the appeal. The procedure on the appeal and the review in district court was had in accordance with the provisions on appeal from an administrative agency. Chapter 28-32, NDRC 1943. The court heard the case without a jury on the evidence offered before the attorney general as provided by Section 28-3219, NDRC 1943. The district court sustained the order of the attorney general and rendered judgment revoking the defendant's 1954 liquor licenses. Defendant appealed and demanded a trial de novo.

The appellant alleges as specifications of insufficiency of the evidence as follows:

"The evidence is insufficient to sustain the judgment of the court in that no evidence of any kind or character was introduced in the trial of the above entitled action; that the court based his decision solely upon a transcript of purported evidence had before the Attorney General; that the so-called record upon which the court based his decision was not made by the Attorney General in conformity with law, in this, among other things, that there were no specifications of issues to be tried before the Attorney General ever served upon the defendant."

The real issue in this case is whether an appeal from an order of the attorney general revoking a liquor license under Chapter 5-05, NDRC 1953 Suppl. can be tried in the district court in the same manner as an appeal from an administrative agency under the Uniform Practice Act, Chapter 28-32, NDRC 1943. Such a determination involves the construction of Sec. 5-0515, NDRC 1953 Suppl. pertaining to appeals from an order of the attorney general revoking a liquor license.

"In the construction of statutes a determination must be made as to what was the intention of the legislature in the enactment thereof. Such intent is the controlling factor and must be given effect to the fullest degree. As aids in finding that intent, the reason for the enactment of the law, evils at which the legislation is aimed, the historical background and other statutes on related

subjects may be considered." Hoellinger v. Molzhon, 77 N.D. 108, 41. N.W.2d 217, 19 A.L.R.2d 1147; 59 C.J. 948, 50 Am.Jur. 271;" Coulter v. Ramberg, N.D., 55· N.W.2d 516, 519.

Sec. 5-0515, NDRC 1953 Suppl. was first enacted as Section 11, Chapter 50, 1945 Session Laws providing for the licensing of retail dealers in intoxicating liquors by the attorney general and giving him the authority upon complaint of violation of the act, to hold a hearing and if the evidence warranted, to revoke such retailer's license to sell intoxicating liquors. Said Section 11 then read:

"The action of the Attorney General in revoking or suspending a license may be appealed to the district court of the county and district in which the premises described in the license are located by procedure applicable to appeals from Justice Court".

Under this provision for appeal there would necessarily have to be a trial anew in district court just as appeals from justice court are tried.

This section was amended by Chapter 9 of the 1947 Session Laws, Sec. 5-0515, 1949 Suppl., by adding the following provision.

"Such appeal shall be heard and determined by the court, without a jury, at any time fixed by the court. A certified transcript of the evidence adduced at the hearing provided for in section 8 of chapter 50 of the Session Laws of North Dakota for the year 1945 may be introduced in evidence and shall be considered by the court."

Under this amendment the proceedings were simplified by eliminating a jury trial and making the attorney general's record admissible as evidence but further evidence could be offered and a trial anew had.

In the case of Guon v. Johnson, 76 N.D. 589, 38 N.W.2d 280, 283, a hearing was had before the attorney general under the law as amended in 1947 on a complaint charging Guon with selling alcoholic liquor to minors. The attorney general found him guilty and suspended his beer and liquor licenses. An appeal was taken to the district court and presented in district court by both parties on the theory that an appeal from the order of the attorney general was one within the purview of the provisions of the Administrative Agencies Uniform Practice Act. On the appeal to the supreme court this was found to be error and the case was remanded to the district court. In the opinion Judge Christianson distinguishes between the procedure upon appeal from justice court as provided in the 1947 act and an appeal under the Administrative Agencies Uniform Practice Act. The court says:

"The distinctions between an appeal under the Administrative Agencies Uniform Practice Act and an appeal from a justice court for a new trial in the district court are obvious. On an appeal under the Administrative Agencies Uniform Practice Act the review in the district court is restricted to the record that was made in and certified by the administrative agency. On an appeal for a new trial under the statute relating to appeals from a justice court the district court is charged with the duty and has the power to try the action precisely as though no former trial had been had. In other words on an appeal to the district court under the provisions of the Administrative Agencies Uniform Practice Act the district court reviews the action and decisions of the administrative agency upon the record made by that agency; * * *. If such appeals were subject to the provisions of the Administrative Agencies Uniform Practice Act the transcript of the proceedings had below including the evidence would be part of the record certified to the district court on appeal and the review in the district court would be confined to such record. The transcript of such evidence would not constitute something that might be offered in evidence, it would constitute the very record to be reviewed."

The opinion in the Guon case was handed down on June 27, 1949. At the next session of the legislature in January 1951, action

was taken to amend and re-enact Section 5-0515, NDRC 1949 Suppl. It will be presumed that the legislature had knowledge of the Guon decision and acted with the intention of adopting that method of review which seemed the simplest and speediest according to Judge Christianson's analysis. The Judiciary Committee of the House introduced H.B. No. 599. The title reads: "An Act to Amend and Re-enact Section 5-0515 of the 1949 Supplement to the North Dakota Revised Codes of 1943, Relating to Review by the Court of Revoked or Suspended License for Alcoholic Beverages." Section 61 of the North Dakota Constitution provides that: "No bill shall embrace more than one subject, which shall be expressed in its title, * * *." Clearly this title shows that the subject of the amended act was to provide for a *review* by the court of the proceedings had for the revocation or suspension of a liquor license. The bill then provided as follows:

"The action of the attorney general in revoking or suspending a license may be appealed to the district court of the county and district in which the premises described in the license are located by procedure applicable to appeals taken in the manner provided in Chapter 28-32 of the title Judicial Procedure, Civil, as now or hereafter amended. * * *"

This bill was enacted and is now Section 5-0515, NDRC 1953 Suppl. It will be noticed there is no reference in this amended Act to the method of trial as there had been in the 1947 amendment. There is, however, a reference to the chapter containing the procedure of trial on appeal from the decision of an administrative agency. Sec. 28-3219, NDRC 1943, provides:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. * * *"

Considering this last amendment in connection with its title and the law it replaces, it is clear that it provides not only the method of appeal from the attorney general's decision as defendant claims but also the method of the procedure on trial in district court.

The intent of the legislature continued to be to simplify the procedure and adopt the procedure necessary to do that. In his summary in Guon v. Johnson, supra, Judge Christianson says:

"The right of appeal from an order of the attorney general suspending or revoking such license, the method of taking an appeal, the scope of the trial in the district court, the appeal to the supreme court and the scope of review in the supreme court all stem from the statute, which authorizes the appeals to be taken and authorizes the court to hear and determine them. Helland v. Jones, [76 N.D. 511] 37 N.W.2d 513."

In the case at bar the District Court correctly followed the procedure set forth in Chapter 28-3219, NDRC 1943.

█ It is further claimed on behalf of the defendant that it was error to refuse his demand for a jury trial and that the court erred in refusing to permit him to offer evidence in his own behalf. As heretofore shown the Uniform Practice Act, Chapter 28-32, NDRC 1943 provides that there shall be no jury trial and that the case shall be reviewed solely on the record of the attorney general's hearing. Defendant further moved to strike that record for lack of jurisdiction in the attorney general. In support thereof he claims that the notice of hearing before the attorney general did not specify the issues which were to be tried. The record shows, however, that the affidavit and complaint were duly mailed to the defendant by registered mail with the notice of hearing and that they specified the charge with clarity and certainty sufficient to reasonably apprise the defendant with the offense charged against him as provided by Section 5-0511, NDRC 1949 Suppl. Defendant appeared at said hearing generally and admitted proper service.

Defendant finally moved to remand the case to the district court for the introduction of additional evidence by the defendant. In support of that motion the defendant filed the affidavit of his attorney excusing his failure to introduce any testimony before the attorney general on the ground that he, in good faith, construed the appeal statute to allow him a new trial in the district court. The defendant, however, did have an attorney at the attorney general's hearing and announced: "The defendant is ready." The defendant makes no contention that he had any evidence to offer. He made no motion for a continuance to obtain evidence and rested his case without offering any evidence.

In that affidavit it was further stated that the defendant wished to offer the testimony of six witnesses to the effect that the defendant did not sell any intoxicating liquor to the minor named in the complaint any time or any place. In that list the defendant himself and his wife were named. The defendant had been present at the original hearing without denying the charge. The record further shows that he pled guilty in justice court to the offense of delivering beer to the minor named in the complaint. There is no affidavit from any of the persons named as to what they would testify.

Section 28–3218, NDRC 1943 provides as follows:

"If an application for leave to adduce additional evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the administrative agency, or that such evidence is material to the issues involved and was rejected or excluded by the agency, the court may order that such additional evidence be taken, heard, and considered by such agency on such terms and conditions as the court may deem proper."

The evidence shows no reasonable grounds for the failure to adduce the evidence, which defendant now claims to have, at the hearing before the attorney general. The attorney general's hearing was held April 1954. The attorney general's order revoking defendant's license was made on June 24, 1954. There was considerable delay in bringing the matter for hearing in district court. During that time no application was made for a further hearing before the attorney general for the presentation of this evidence. Finally the district court hearing was had on the 5th day of October, 1954. Not until then was any claim made that there were witnesses who could not appear at the hearing before the attorney general. The district court properly held that the application for remand was not timely and that there was no sufficient excuse for the lack of timeliness.

Furthermore, the question of materiality of the proposed testimony is not sufficiently shown. There is no affidavit from any of those witnesses as to what they would testify. The statement in the affidavit of defendant's attorney that they would testify that the defendant, "did not violate any laws, nor sell any intoxicating liquor to William Iszler anytime or any place" is quite general and did not satisfy the district court that the additional evidence would be material. The court properly denied the application.

Defendant makes a final specification of error that the court erred in making all his rulings in the trial of the case and in ordering judgment affirming the attorney general's revocation of the licenses. Under that assignment, however, there are no specific instances cited and we do not find any such errors.

The judgment of the district court is affirmed.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.